# Village Gate Homeowners Association

v.

# Carole Nixon Hales

August 31, 1978.

Record No. 770510.

Present: All the Justices.

*John P. Milligan, Jr. (Smiley, Lear & Milligan,* on brief) for appellant.

*Denis D. McKenna (Dennis D. Duffy; Duffy & Brooks,* on brief) for appellee.

COMPTON, J., delivered the opinion of the Court.

We decide in this chancery proceeding whether there has been a waiver of the right to enforce a restrictive covenant affecting real property.

Appellant Village Gate Homeowners Association, a corporation charged with the duty to enforce the covenants, conditions and restrictions in Village Gate, a residential subdivision in Prince William County, brought this suit in equity against appellee Carole Nixon Hales, a fee-simple owner of a row townhouse in the development. Plaintiff sought to have an order entered requiring that defendant remove a front-yard wall or fence which had been constructed at her direction on her property. After hearing the evidence *ore tenus,* the chancellor denied the prayer of the bill of complaint and we awarded plaintiff an appeal to the December 1976 final decree which dismissed the bill.

The facts are undisputed. In 1973, defendant acquired title to the property in question. The conveyance was subject to duly recorded restrictive covenants applicable to all the property in the subdivision. The following covenant is pertinent to this controversy:

## "ARTICLE VI.

### "ARCHITECTURAL CONTROL
\*    \*    \*

"No front or side yard fence, wall or walls, or other similar type structures shall be allowed except those constructed by or on behalf of [the developer]."

During May and June of 1975, apparently in an effort to correct drainage problems, defendant erected a low, solid, brick wall, entirely on her property, enclosing her small front yard, at a cost of $960.00. The evidence showed the wall was an attractive, well-built structure which was compatible in color and texture with the exterior of her townhouse. Its height at the front walk was 30 inches with an iron gate at the sidewalk entrance.

The work began on May 20. During construction, according to the record, defendant was notified by a representative of the plaintiff Association that such a wall violated the foregoing covenant. The work was completed on June 14. During the following month, plaintiff, through counsel, demanded that the wall be removed. Defendant refused. During July she made a written request of the Association for approval of the structure. The request was formally denied by plaintiff in September of 1975, after this suit had been filed in August.

The evidence also showed that two other property owners in the subdivision had "at one time," erected front yard fences, consisting of one-foot high wooden posts with rope strung through each post, but that they had been removed at the plaintiff's request. At the time of trial, defendant's wall was the only front-yard fence or wall standing in the subdivision in violation of the covenant in issue.

The record also reveals that, in addition to side-yard fences built by the developer, "several" other side-yard fences for "end unit homes" had been constructed. These other fences violated the covenant and the evidence shows that plaintiff had not requested their removal but had stated, in a letter from its Architectural Control Committee, that no action would be taken against owners of "harmonizing" side-yard fences.

The trial court ruled that from an aesthetic standpoint defendant's wall improved the appearance of the premises. He reasoned that because plaintiff had permitted side-yard fences violative of the covenant and had declared that "harmonizing" side-yard fences did not detract from the appearance of the neighborhood, it had waived the covenant as to side fences. The chancellor then held that aesthetically pleasing front-yard fences or walls could not be prohibited because both front and side structures were specifically controlled by the same covenant. Accordingly, the court below decided that the covenant as to front-yard fences or walls had been "legally waived or abandoned" and "it would be inequitable" to enforce such covenant "against any person within [its] common design and purpose".

Although the Association assigns four errors, the dominant issue is whether, under these facts, the defendant has proved that plaintiff waived the covenant as it applies to front-yard fences or walls.

While denying that it has abandoned the side-yard restriction and arguing that the "aesthetic nature of a prohibited improvement has no probative value" upon the issue here presented, the Association contends that by its failure to take action against "harmonizing" side-yard fences, it has not thereby waived its right to prohibit front-yard fences or walls. The defendant, on the other hand, adopting the trial court's reasoning, maintains that she has carried her burden of proof and shown that such waiver has occurred. We do not agree with the defendant.

■ Elementary is the proposition that the right to enforce a restrictive covenant of this type may be lost by waiver, abandonment or acquiescence in violations thereof. *See generally* 7 *Thompson on Real Property* § 3173 (1962 repl. vol.). But the party relying on such waiver must show that the previous conduct or violations had affected "the architectural scheme and general landscaping of the area so as to render the enforcement of the restriction of no substantial value to the property owners." *Romig* v. *Modest*, 102 Ohio App. 225, 229, 142 N.E.2d 555, 559 (1956); *see* *Deitrick* v. *Leadbetter*, 175 Va. 170, 176, 8 S.E.2d 276, 279 (1940). Not disputing the correctness of the foregoing statement of law,

defendant contends that "the general purpose of the covenant lapsed with the abandonment by the Plaintiff of the original purpose of the [developer]".

■ To determine whether defendant has shown that no substantial value was left in this restriction, we look first to its purpose and then to the conduct of plaintiff as it affected the neighborhood. As set forth in the recorded "Declaration of Covenants, Conditions and Restrictions", the purpose was to enhance and protect "the value, desirability and attractiveness of the real property" in Village Gate. A review of the record, including photographs of the subdivision, shows that the neighborhood in question was composed of individual residential buildings, each containing as many as ten two-story row dwellings separated by party walls. Only the owners of the end units, of course, had side yards (the defendant's unit was not on an end), but each unit had a front yard. Considerable open space, spotted with trees and shrubbery, appears from the photographs to exist between buildings, and at the end of each building, to which the side fences were affixed. Obviously, an effort was made to create a rural setting in this populated development. All of the side-yard fences shown in the photographs are of one type and apparently conform to the style specified by the Architectural Control Committee, that is, "alternate board fences of the type originated by the builder".

We are of opinion that the evidence fails to show that the "attractiveness" of the neighborhood was affected adversely by construction of the side fences. And the chancellor did not make a finding to the contrary; he merely stated that these fences "clearly have an impact upon the appearance of the neighborhood." Furthermore, there is no evidence to show that the "value" or "desirability" of the property was influenced adversely by such fences. Consequently, the plaintiff's conduct in specifically authorizing construction of "harmonizing" side fences has not affected the architectural scheme and general landscaping of the area so as to render the enforcement of the restriction as to "non-harmonizing" side fences of no substantial value to the property owners, and no waiver has occurred.

There having been no waiver of the covenant as to side fences because the general scheme of development has not been altered,

it necessarily follows that, as to that branch of defendant's argument, there has been no waiver of the front fence or wall restriction.

But the defendant contends that construction of this attractive front-yard wall must be approved because side fences and front walls are "linked irrevocably [in the covenant] by the clear and unmodified conjunction 'or'." The defendant maintains that because the Association has approved the construction of "harmonizing" side fences, it would be inequitable to allow the Association to refuse to approve construction of "harmonizing" front walls. We do not agree.

The developer's architectural scheme or general plan included side fences, but there is no evidence it included front fences or walls. By refusing to approve the front wall, regardless of its desirability, the Association has acted properly to preserve the general plan in accordance with the purposes of the covenants. The effect of permitting front fences or walls, when they were never contemplated by the general scheme of development, would be "to nullify the restrictions and to make a contract different from the one made by the parties." *Traylor v. Holloway*, 206 Va. 257, 260, 142 S.E.2d 521, 523 (1965). Therefore, as long as the value of the covenant has not been affected substantially, the plaintiff will not be deemed to have waived the right to enforce the front fence or wall provision. And the approval of attractive side fences, consistent with the general plan, does not estop the plaintiff from disapproving desirable front fences or walls.

Accordingly, the decree appealed from will be reversed and the cause remanded to the trial court with direction to issue an order requiring defendant to forthwith remove the wall from her lot.

*Reversed and remanded.*

## Rules of Court
## Order Amending

*VIRGINIA:*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 29th day of June, 1978.*

It is ordered that the Rules heretofore adopted and promulgated by this Court and now in effect be and they are hereby amended to become effective August 28, 1978.

*Rule 2:8. Docketing upon Default.*

If a defendant fails to file a pleading before he is in default, the cause is set for hearing and docketed as to such defendant and, unless the suit is for divorce or annulling a marriage or unless the defendant was served by order of publication and has not appeared generally, the bill is taken for confessed as to him. No decree on default shall be entered when service of process is effected by posting pursuant to § 8.01-296(2) (b), until ten days' notice shall have been given as required by that section.

A Copy,

Teste:

ALLEN L. LUCY

Clerk

## Rules of Court
## Order Amending

*VIRGINIA:*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 29th day of June, 1978.*

It is ordered that the Rules heretofore adopted and promulgated by this Court and now in effect be and they are hereby amended to become effective August 28, 1978.

### *Rule 3:17. Judgment by Default.*

A defendant who fails to plead to a notice of motion for judgment within the required time is in default. He waives trial by jury and all objections to the admissibility of evidence. He is not entitled to notice, including notice to take depositions, of any further proceedings in the case except that no judgment by default shall be entered, when service of process is effected by posting pursuant to § 8.01-296(2) (b), until ten days' notice shall have been given as required by that section. The court shall, on motion of the plaintiff, enter judgment for the amount appearing to the court to be due. If the relief demanded is unliquidated damages, the court shall hear evidence and fix the amount thereof, unless the plaintiff demands trial by jury, in which event, a jury shall be impaneled to fix the amount of damages.

A Copy,

Teste:

ALLEN L. LUCY

Clerk

**Rules of Court**
**Order Amending**

*VIRGINIA:*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 29th day of June, 1978.*

Part Three B of the Rules of Court is hereby amended effective August 28, 1978, to read as follows:

PART THREE B

TRAFFIC INFRACTIONS AND UNIFORM FINE SCHEDULE

*RULE 3B:1. Purpose.*

These Rules are promulgated by the Supreme Court of Virginia pursuant to § 16.1-69.40:1 of the Code of Virginia to carry out the provisions of Chapter 585 of the Acts of Assembly of 1977 and Chapter 605 of the Acts of Assembly of 1978.

*RULE 3B:2. Uniform Fine Schedule.*

For any offense listed below, whether prescribed by the specified state statute or by a parallel local ordinance adopted pursuant to the authority granted in Virginia Code § 46.1-180, where such offense does not result in an accident, a driver may enter a written appearance, waiver of court hearing, plea of guilty, and pay fines and costs. Court hearing may not be waived for any offense that results in an accident, even if it is listed here. For traffic offenses not listed below, a court hearing is required. Nothing in this Rule affects bonding procedures for those offenses not listed below. Likewise, nothing in this Rule shall be construed to alter the operation of or the penalties prescribed pursuant to §§ 46.1-252 through 46.1-254.2.

This schedule is applied uniformly throughout the Commonwealth, and a clerk or magistrate may not impose a fine and cost different from the amounts shown here. The schedule does not restrict the fine a judge may impose for an offense listed here in any case for which there is a court hearing.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| 1. Speed Violations Speeding 1-19 MPH over speed limit | 46.1-193(1) | $2 per mile over speed limit | $18 | $20-$56 |
| Speeding 1-19 MPH over speed limit on bridge | 46.1-196 | $2 per mile over speed limit | $18 | $20-$56 |
| Impeding traffic by slow speed | 46.1-193(2) | $15 | $18 | $33 |
| Failure to drive at approximate speed authorized for lane in which vehicle is moving, on highway where "slow moving traffic" lane is designated | 46.1-206(d) | $15 | $18 | $33 |
| 2. Other Moving Offenses | | | | |
| Coasting on downgrade with gears in neutral | 46.1-200 | $15 | $18 | $33 |
| Driving more than 13 hours in a 24-hour period | 46.1-201(a) | $15 | $18 | $33 |
| Causing or permitting vehicle to be driven more than 13 hours in a 24-hour period | 46.1-201(b) | $15 | $18 | $33 |
| Improper failure to drive on right side of highway | 46.1-203 | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.
**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Failure to move in designated direction on one-way roadway | 46.1-204(a) | $15 | $18 | $33 |
| Failure to drive to right of rotary traffic island | 46.1-204(b) | $15 | $18 | $33 |
| Improper failure to keep right in crossing highway intersection | 46.1-205 | $15 | $18 | $33 |
| Improper failure to keep right in crossing highway intersection by railroad right of way | 46.1-205 | $15 | $18 | $33 |
| Improper failure to observe lanes marked for traffic: | | | | |
|   –failure of slow moving traffic to keep right | 46.1-206(a) | $15 | $18 | $33 |
|   –improperly driving in center | 46.1-206(b) | $15 | $18 | $33 |
|   –changing lane without first ascertaining safety of move | 46.1-206(b) | $15 | $18 | $33 |
|   –improperly driving in center lane of 3-lane highway | 46.1-206(c) | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| –improperly crossing solid line driver's lane | 46.1-206(e) | $15 | $18 | $33 |
| –improperly crossing double solid line | 46.1-206(f) | $15 | $18 | $33 |
| Disregard of lane direction control signal: | | | | |
| –entering or traveling in lane over which red signal is shown | 46.1-206.1 | $15 | $18 | $33 |
| Improper passing: | | | | |
| –failure to remain on right side of highway when meeting vehicle proceeding in opposite direction | 46.1-207 | $15 | $18 | $33 |
| –driving too close to vehicle being overtaken in same direction | 46.1-208 | $15 | $18 | $33 |
| –returning to right side of highway before safely clear of overtaken vehicle | 46.1-208 | $15 | $18 | $33 |
| –failure to give prior warning, when necessary for safe operation, to vehicle being overtaken in same direction | 46.1-209 | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.
**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| –improperly passing to the right of a vehicle proceeding in same direction | 46.1-210 | $15 | $18 | $33 |
| –failure to give way to the right to over-taking vehicle | 46.1-211 | $15 | $18 | $33 |
| –improperly increasing speed when passed by overtaking vehicle | 46.1-211 | $15 | $18 | $33 |
| –passing when left lane is not clearly visible | 46.1-212(a) | $15 | $18 | $33 |
| –passing on left when oncoming traffic is too near to permit it in safety | 46.1-212(a) | $15 | $18 | $33 |
| –truck or tractor and trailer impeding passage of following traffic by passing another truck or tractor and trailer on upgrade | 46.1-212(b) | $15 | $18 | $33 |
| Following too closely: | | | | |
| –motor vehicle following another more closely than is reasonable or prudent | 46.1-213(a) | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| –truck or bus within 200 feet of another truck or bus on highway outside city or town | 46.1-213(b) | $15 | $18 | $33 |
| Improper U turn | | | | |
| –within business district, city or town, U turn other than at intersection | 46.1-214(a) | $15 | $18 | $33 |
| –U turn on a curve or approaching crest of hill where not visible to vehicles approaching in any direction within 500 feet | 46.1-214(b) | $15 | $18 | $33 |
| Improper position of method of turning at intersection: | | | | |
| –unauthorized right turn from other than right hand curb or edge of roadway | 46.1-215(a) | $15 | $18 | $33 |
| –on a two-way roadway, unauthorized left turn from other than lane nearest center line | 46.1-215(b) | $15 | $18 | $33 |
| –on other than two-way roadway, unauthorized | 46.1-215(c) | $15 | $18 | $33 |

*The description of offense is for reference only
   and is not a legal definition.
**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| left turn from other than left-most available lane | | | | |
| –failure to follow marker, button or sign of local authority | 46.1-215(d) | $15 | $18 | $33 |
| Starting, backing, stopping or turning without first seeing that such a move can be made in safety | 46.1-216 | $15 | $18 | $33 |
| Starting, backing, stopping or turning without giving required signal | 46.1-216 | $15 | $18 | $33 |
| Improper signals | 46.1-217 | $15 | $18 | $33 |
| Improper change of course after giving signal | 46.1-218 | $15 | $18 | $33 |
| Failure to keep vehicle under proper control after receiving signal from another vehicle | 46.1-219 | $15 | $18 | $33 |
| Failure to signal prior to moving standing vehicle into traffic | 46.1-220 | $15 | $18 | $33 |
| Failure to yield right of way: | | | | |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| –failure of driver on left to yield to driver on right entering intersection at same time | 46.1-221 | $15 | $18 | $33 |
| –failure to obey "yield right of way" sign at intersection | 46.1-221 | $15 | $18 | $33 |
| –failure of driver approaching or entering traffic circle to yield to driver already in traffic circle | 46.1-221 | $15 | $18 | $33 |
| –failure of driver turning left to yield to oncoming vehicle | 46.1-222 | $15 | $18 | $33 |
| –failure to yield to left turning vehicle given right of way automatic signal device | 46.1-222 | $15 | $18 | $33 |
| –failure to stop and yield when entering public highway or sidewalk from private road, etc. | 46.1-223 | $15 | $18 | $33 |
| –failure to yield to U. S. Armed Services, National Guard, etc. | 46.1-224 | $15 | $18 | $33 |
| –failure to yield to funeral procession under police escort | 46.1-224.1 | $15 | $18 | $33 |

*The description of offense is for reference only
   and is not a legal definition.
**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| –failure to yield right of way to emergency vehicle | 46.1-225 | $15 | $18 | $33 |
| –following too near fire apparatus | 46.1-227 | $15 | $18 | $33 |
| –driving over fire hose | 46.1-228 | $15 | $18 | $33 |
| –failure to yield to pedestrian in clearly marked cross-walk or at intersection | 46.1-231 | $15 | $18 | $33 |
| –failure to yield to pedestrian boarding or alighting from a bus | 46.1-233 | $15 | $18 | $33 |
| –failure to stop and yield when approaching intersection of highway controlled by stop sign | 46.1-247(a) | $15 | $18 | $33 |
| –failure to slow down to stop and yield when approaching intersection on highway controlled by "yield right of way" sign | 46.1-247(b) | $15 | $18 | $33 |
| Driving through pedestrian safety zone | 46.1-242 | $15 | $18 | $33 |
| Failure to obey railroad warning signal | 46.1-243 | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Proceeding improperly at railroad grade crossing: | | | | |
| –generally | 46.1-244 | $15 | $18 | $33 |
| –vehicles carrying passengers for hire, school bus or truck with flammable or explosive cargo | 46.1-245 | $15 | $18 | $33 |
| –tractor, steam shovel, etc. | 46.1-246 | $15 | $18 | $33 |
| Stopping bus or truck on highway to unload passenger or cargo | 46.1-250 | $15 | $18 | $33 |
| Failure to display headlights at night or during time of poor visibility | 46.1-268(a) | $15 | $18 | $33 |
| Driving with excessive lights for purpose of general illumination ahead of vehicle | 46.1-268(b) | $15 | $18 | $33 |
| Failure to display warning lights properly | 46.1-268(c) | $15 | $18 | $33 |
| Failure to dim headlights | 46.1-272 | $15 | $18 | $33 |
| 3. *Equipment Violations.* | | | | |
| Insufficient lighting equipment: | 46.1-259 | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| --less than two proper headlights on autos, trucks, busses, etc. | 46.1-260 | $15 | $18 | $33 |
| --motorcycle without proper headlight | 46.1-261 | $15 | $18 | $33 |
| --motorcycle with more than two headlights | 46.1-261 | $15 | $18 | $33 |
| --improper rear lights | 46.1-262 | $15 | $18 | $33 |
| --improper brake lights | 46.1-262.1 | $15 | $18 | $33 |
| --improper lighting equipment on all other mobile equipment | 46.1-264 | $15 | $18 | $33 |
| Improper dimension or marker lights: | | | | |
| --generally | 46.1-265 | $15 | $18 | $33 |
| --vehicles or loads exceeding 35 feet | 46.1-265.1 | $15 | $18 | $33 |
| Spotlights or ditchlights | | | | |
| --more than two | 46.1-266 | $15 | $18 | $33 |
| --aimed left of highway center or more than 100 feet ahead of vehicle | 46.1-266 | $15 | $18 | $33 |
| --unapproved type | 46.1-266 | $15 | $18 | $33 |
| --use in conjunction with or in place of headlights, except in emergency | 46.1-266 | $15 | $18 | $33 |
| --improper use of auxiliary lamps on emergency vehicles | 46.1-267.1 | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.
**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Headlights improperly aimed or of improper intensity: | | | | |
| –single beam headlights | 46.1-269 | $15 | $18 | $33 |
| –multiple beam headlights | 46.1-270 | $15 | $18 | $33 |
| Inadequate brakes: | | | | |
| –generally | 46.1-277(a) | $15 | $18 | $33 |
| –bicycles | 46.1-277(b) | $ 5 | $18 | $23 |
| –holding device | 46.1-278.1 | $15 | $18 | $33 |
| –motorcycles | 46.1-279.1 | $15 | $18 | $33 |
| –trailers or semitrailers | 46.1-280 | $15 | $18 | $33 |
| Improper alteration of suspension system | 46.1-282.1 | $15 | $18 | $33 |
| Inadequate steering gear | 46.1-282 | $15 | $18 | $33 |
| Inadequate horn | 46.1-283 | $15 | $18 | $33 |
| Illegal siren, whistle of horn | 46.1-284 | $15 | $18 | $33 |
| Improper painting and lettering on school bus | 46.1-286.1 | $15 | $18 | $33 |
| Absence of or inadequate rear view mirrors: | | | | |
| –generally | 46.1-289(a) | $15 | $18 | $33 |
| –vehicle registered for passenger vehicular transportation | 46.1-289(b) | $15 | $18 | $33 |
| Insufficient rear fenders, flags or guards on trucks | 46.1-290 | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Improper signs on windshields, etc. | 46.1-291 | $15 | $18 | $33 |
| Driver's view obstructed because of suspended objects or altered vehicles | 46.1-291.1 | $15 | $18 | $33 |
| Inadequate windshield wipers | 46.1-292 | $15 | $18 | $33 |
| Absence of required safety glass | 46.1-293 | $15 | $18 | $33 |
| Absence of windshield | 46.1-293.1 | $15 | $18 | $33 |
| Improper replacement of glass in vehicle | 46.1-294 | $15 | $18 | $33 |
| Improper or inadequate tires: | | | | |
|   –violation of restrictions on solid rubber tires | 46.1-295 | $15 | $18 | $33 |
|   –use of tires failing to meet safety specifications | 46.1-295.1 | $15 | $18 | $33 |
|   –operation of vehicle with insufficient tire tread | 46.1-295.3 | $15 | $18 | $33 |
|   –improper use of studded tires | 46.1-296 | $15 | $18 | $33 |
| Lack of or inadequate signal device | 46.1-298 46.1-299 | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Failure to use flashing signals when stopped on highway | 46.1-299(c) | $15 | $18 | $33 |
| Inadequate exhaust system: | | | | |
|   –driver of vehicle | 46.1-301(a) | $15 | $18 | $33 |
|   –owner permitting or allowing operation of vehicle | 46.1-301(a) | $15 | $18 | $33 |
|   –"chambered pipes" | 46.1-301(c) | $15 | $18 | $33 |
|   –vehicle without proper pollution control device | 46.1-301.1 | $15 | $18 | $33 |
|   –muffler cut out, straight exhaust or gutted muffler | 46.1-302 | $15 | $18 | $33 |
| Operation of vehicle without securely affixed or properly located operator's seat | 46.1-302.1 | $15 | $18 | $33 |
| Improper motorcycle steering mechanism | 46.1-302.2 | $15 | $18 | $33 |
| Motorcycle without muffler | 46.1-302.3 | $15 | $18 | $33 |
| Improper cooling unit | 46.1-307 | $15 | $18 | $33 |
| Use of unapproved equipment | 46.1-308 | $15 | $18 | $33 |
| Use of defective or unsafe equipment | 46.1-308.1 | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Operating vehicle not equipped with proper seat belts | 46.1-309.1 | $15 | $18 | $33 |

4. *Parking or stopping Violations*

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Parking too near fire apparatus | 46.1-227 | $10 | $18 | $28 |
| Vehicle improperly stopped or parked on highway | 46.1-248 | $10 | $18 | $28 |
| –parked or stopped at or near fire or accident so as to cause traffic hazard or interfere with emergency operations | 46.1-248(c) | $10 | $18 | $28 |
| Failure to use proper warning device when vehicle disabled in highway: | | | | |
| –bus, truck, trailer, house trailer, or mobile home | 46.1-255 | $10 | $18 | $28 |
| –vehicle transporting inflammable liquids | 46.1-256 | $10 | $18 | $28 |
| –failure to use red flags when vehicle disabled. | 46.1-257 | $10 | $18 | $28 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Parking in front of fire hydrant, or private driveway, near street corner, fire station, or rescue squad building and too close to intersection | 46.1-258 | $10 | $18 | $28 |
| Failure to dim head-lights on parked vehicle | 46.1-273 | $10 | $18 | $28 |
| Vehicle parked or stopped on highway without lights at night or during low visibility | 46.1-276 | $10 | $18 | $28 |
| Failure to set hand-brake and turn wheels to curb on parked car | 46.1-281 | $10 | $18 | $28 |

5. *Trucks and Hauling or Towing Vehicles*

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Absence of flag or light at end of load | 46.1-300 | $15 | $18 | $33 |
| Failure to prevent escape of vehicle contents | 46.1-303 | $15 | $18 | $33 |
| Failure to fasten load of logs, barrels, etc. | 46.1-304 | $15 | $18 | $33 |
| Load extending too far beyond front | 46.1-333 | $15 | $18 | $33 |

*The description of offense is for reference only and is not a legal definition.
**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Load extending too far beyond sides | 46.1-334 | $15 | $18 | $33 |
| Improper towing: | | | | |
| –improperly towing more than one trailer, etc. | 46.1-335 | $15 | $18 | $33 |
| –towing without draw bar and emergency chain | 46.1-336 | $15 | $18 | $33 |
| Crossing bridge or culvert by vehicle weighing more than weight limit | 46.1-340 | $15 | $18 | $33 |
| 6. Pedestrian Violations | | | | |
| Malicious or careless interference with vehicle passage | 46.1-230(a) | $5 | $18 | $23 |
| Failure to observe pedestrian control signals | 46.1-231.1 | $5 | $18 | $23 |
| Stepping into street where driver's vision obscured | 46.1-232 | $5 | $18 | $23 |
| Soliciting rides | 46.1-234 | $5 | $18 | $23 |
| Failure to walk on left edge of roadway where no sidewalk | 46.1-234 | $5 | $18 | $23 |
| Unlawful loitering on bridge | 46.1-234.1 | $5 | $18 | $23 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Playing on streets or highways | 46.1-235 | $5 | $18 | $23 |

7. *Miscellaneous Offenses*

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Improper abandonment of motor vehicle | 46.1-2 | $25 | $18 | $43 |
| Improper use of parking privilege accorded handicapped | 46.1-104.1(c) | $5 | $18 | $23 |
| Operating motorcycle without headlight, horn or rearview mirror at certain times | 46.1-172.01 | $15 | $18 | $33 |
| Occupation of trailer being towed on highways | 46.1-172.1 | $15 | $18 | $33 |
| Unlawful use of radar detection device | 46.1-198.1 | $25 | $18 | $43 |
| Unlawful use of earphones while operating vehicle | 46.1-202.1 | $10 | $18 | $28 |
| Improper use of parking privileges accorded handicapped | 46.1-254.20 | $5 | $18 | $23 |
| Failure to display slow moving vehicle emblem | 46.1-264.1(c) | $5 | $18 | $23 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Failure to submit vehicle to inspection | 46.1-315 | $10 | $18 | $28 |
| Failure to correct defects found by inspection | 46.1-315 | $15 | $18 | $33 |
| Failure to display license plate | 46.1-99 | $10 | $18 | $28 |
| Improper display of License Plate | 46.1-106 | $10 | $18 | $28 |
| Vehicle exceeding width limitations | 46.1-328 | $25 | $18 | $43 |
| Vehicle exceeding height limitations | 46.1-329 | $25 | $18 | $43 |
| Vehicle exceeding length requirement | 46.1-330 | $25 | $18 | $43 |
| 8. Bicycle Violations | | | | |
| Unlawful riding or driving on sidewalk | 46.1-229 | $5 | $18 | $23 |
| Riding bicycle improperly on roadway | 46.1-229.1 | $5 | $18 | $23 |
| Carrying articles improperly on bicycle | 46.1-229.2 | $5 | $18 | $23 |
| Bicycle without proper headlight | 46.1-263 | $5 | $18 | $23 |
| Bicycle without rear reflector or light | 46.1-263 | $5 | $18 | $23 |

*The description of offense is for reference only
  and is not a legal definition.
**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Bicycle on highway without adequate brake | 46.1-277(b) | $5 | $18 | $23 |

A Copy,

Teste:

ALLEN L. LUCY

Clerk

---

*The description of offense is for reference only
  and is not a legal definition.
**Unless otherwise provided by statute.

## Rules of Court
## Order Promulgating

*VIRGINIA:*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 29th day of June, 1978.*

## PART THREE C

### Non-Traffic Prepayable Offenses and Uniform Fine Schedule

*Rule 3C:1. Purpose and Effective Date.*

These Rules are promulgated by the Supreme Court of Virginia pursuant to § 16.1-69.40:2 of the Code of Virginia to carry out the provisions of Chapter 605 of the Acts of Assembly of 1978 and are effective August 28, 1978.

### *Rule 3C:2. Uniform Fine Schedule.*

Any person charged with any offense listed below may enter a written appearance, waiver of court hearing, plea of guilty, and pay fines and costs.

This schedule is applied uniformly throughout the Commonwealth, and a clerk or magistrate may not impose a fine and cost different from the amounts shown here. The schedule does not restrict the fine a judge may impose for an offense listed here in any case for which there is a court hearing.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Unlawfully permitting certain animals to run at large | 18.2-121.1 | $15 | $13 | $28 |

*The description of offense is for reference only and is not a legal definition.

**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Trespassing upon grass in Capitol Square | 18.2-122 | $ 5 | $13 | $18 |
| Unlawful trespass at night upon cemetery | 18.2-125 | $10 | $13 | $23 |
| Trespassing upon licensed shooting preserve | 18.2-131 | $15 | $13 | $28 |
| Unlawful refusal of person on land, etc., of another to identify himself | 18.2-133 | $25 | $13 | $38 |
| Unlawfully pulling down fences or leaving open gates | 18.2-143 | $25 | $13 | $38 |
| Trespassing upon railroad track | 18.2-159 | $25 | $13 | $38 |
| Trespassing upon railroad trains | 18.2-160 | $25 | $13 | $38 |
| Unlawfully jumping on or off railroad cars by trespassers | 18.2-161 | $25 | $13 | $38 |
| Illegal use of insignia | 18.2-177 | $10 | $13 | $23 |
| Unlawfully carrying white tipped cane by person not blind | 18.2-212.1 | $10 | $13 | $23 |

*The description of offense is for reference only and is not a legal definition.
**Unless otherwise provided by statute.

| Description of Offense* | Statute | Fine | Court Cost** | Total |
|---|---|---|---|---|
| Unlawfully expectorating in public places | 18.2-322 | $ 5 | $13 | $18 |
| Unlawful swearing or cursing | 18.2-388 | $10 | $13 | $23 |
| Unlawfully shooting pigeons for amusement or renting premises for such purposes | 18.2-395 | $20 | $13 | $33 |
| Failure of dog owner to pay license tax | 29-213.33 | $10 | $13 | $23 |
| Failure to dispose of dead dogs | 29-213.27 | $10 | $13 | $23 |
| Failure to exhibit required dog permits | 29-213.28 29-213.29 29-213.30 | $ 5 | $13 | $18 |
| Failure to control contagious dog | 29-213.33 | $15 | $13 | $28 |
| Improper removal of dog collar or tag by person not the owner | 29-213.33 | $10 | $13 | $23 |
| Improper concealment of a dog | 29-213.33 | $10 | $13 | $23 |

*The description of offense is for reference only and is not a legal definition.
**Unless otherwise provided by statute.

## Rules of Court
## Order Amending

*VIRGINIA:*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 29th day of June, 1978.*

It is ordered that the Rules heretofore adopted and promulgated by this Court and now in effect be and they are hereby amended to become effective August 28, 1978.

*Rule 5:20. Special Rule Applicable to Cases in Which Sentence of Death Has Been Imposed.*

(a) Upon receipt of a record pursuant to § 17-110.1B, the clerk of this Court shall notify in writing counsel for the accused in the circuit court (who shall be deemed to be counsel for the appellant), the Attorney General (who shall be deemed to be counsel for the appellee) and the Director of the Department of Corrections of the date of its receipt (the Filing Date). The case shall thereupon stand matured as if an appeal had been awarded to review the conviction and the sentence of death, and the notice issued by the clerk of this Court shall be deemed to be the certificate of the clerk of this Court pursuant to Rule 5:30 that an appeal has been awarded, and the enforcement of the sentence of death shall thereby be stayed pending the final determination of the case by this Court.

(b) Within ten days after the filing date, counsel for the appellant shall file with the clerk of this Court* assignments of error upon which he intends to rely for reversal of the conviction or review of the sentence of death. He shall accompany the assignments of error with a designation of the parts of the record relevant to the review and to the assignments of error. Not more than ten days after such assignments of error and designation are filed, counsel for the appellee may file with the clerk of this Court a designation of the additional parts of the record that he wishes included as germane to the review or to any assignments of error.

Counsel for the appellant shall include in the appendix the parts so designated. The provisions of Rules 5:33 through 5:40 (except Rule 5:36 (a)) shall apply to the appendix.

(c) In assigning error with respect to the sentence of death, it shall be sufficient to state that the sentence was imposed under the influence of passion, prejudice or other arbitrary factor or that the sentence is excessive or disproportionate to the penalty imposed in similar cases.

(d) Further proceedings shall conform to Rules 5:42 through 5:54.

(e) This Court may, on motion in a particular case, vary the procedure prescribed by this Rule in order to attain the ends of justice and the purposes of § 17-110.1.

> A Copy,
>
> Teste:
>
> ALLEN L. LUCY
>
> Clerk

---

*The description of offense is for reference only and is not a legal definition.

## Rules of Court
## Order Revising

*VIRGINIA:*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 29th day of June, 1978.*

### MEDICAL MALPRACTICE RULES OF PRACTICE
### Revised to Become Effective July 1,1978

NOTE: These are the rules promulgated by the Chief Justice of the Supreme Court of Virginia pursuant to § 8-921 of the Code of Virginia (1976 Cumulative Supplement) to carry out the provisions of Chapter 39 of Title 8 of the Virginia Code as added by Chapter 611 of the Acts of Assembly of 1976. They were promulgated by the Chief Justice on November 1, 1976, and became immediately effective.

### *RULE ONE. Applicability; Definitions.*

(a) These Rules are promulgated in accordance with Section 8.01-581.11 of the Code of Virginia and shall govern all formal proceedings instituted pursuant to the provisions of Chapter 21.1 of Title 8.01 with respect to the activities of a duly constituted Medical Malpractice Review Panel. The Rules shall not apply to any cause of action which arose prior to July 1, 1976, the effective date of Chapter 21.1 of Title 8.01 unless the claimant has filed* notice under § 8.01-581.2 and such filing occurred prior to the expiration of any applicable statute of limitation.

(b) References herein to "it" and "its" shall apply equally to "him," "his," or "her." The singular shall include the plural. Terms used in this part that are defined in Chapter 21.1 of Title 8.01 are used with the definitions therein contained.

---

*Chapter 262 of the Acts of Assembly of 1978 provides that the term "has filed" is deemed to include the filing of notice under § 8.01-581.2 where such filing occurred prior to the expiration of any applicable statute of limitation when the causes of action arose prior to July 1, 1976.

RULE TWO. *Request for Medical Malpractice*
*Review Panel.*

*(a) Notice of Claim.* The notice of a medical malpractice claim shall be deemed to be filed when delivered or mailed by registered or certified mail to the health care provider at its office, residence, or last known address. Proof of mailing shall be the receipt of the United States Postal Service. The time of the alleged malpractice shall be adequately stated if an approximate date (or dates) is stated. The notice shall contain a reasonable description of the act or acts of malpractice asserted.

(b) *Objection to Notice.* Any objection to the adequacy or reasonableness of the notice of claim must be stated in writing by the health care provider by notice in writing to the claimant within 30 days after receipt of the notice of claim. Otherwise, any such objection shall be deemed waived.

(c) *Request for Panel.* The claimant or the health care provider may, within 60 days after the filing of a notice of medical malpractice claim, file a written request for a review by a medical review panel with the Chief Justice of the Supreme Court of Virginia. The request for review of such claim by a medical review panel shall be deemed to be filed when delivered or mailed by registered or certified mail to the Chief Justice of the Supreme Court of Virginia in care of Executive Secretary of the Supreme Court of Virginia, Supreme Court Building, Richmond, Virginia 23219. A copy of such request shall be mailed to the opposing party and its counsel, if known.

(d) *Contents of Request.* The request for the appointment of a medical review panel shall contain the following (to the extent known):

(1)     The name, address and telephone number of the claimant.

(2)     The name, address and telephone number of the attorney of record for the claimant.

(3)     The name, address and telephone number of the health care provider.

(4)     The name, address and telelphone number of the attorney of record for the health care provider.

(5) All courts having proper venue and jurisdiction over a motion for judgment based on such claim.

(6) A copy of the notification of claim, together with a certification of the date of filing of the notice of claim, and a copy of any objection to the adequacy or reasonableness of the notice of claim.

(7) A statement specifying the classification of the health care provider in accordance with Section 8.01-581.1 of the Code and, in the case of a physician, his specialty or subspecialty.

(8) A certification that a copy of the request for a review panel has been mailed to the opposing party and its counsel, if known.

(e) *Multiple Parties.* If a claim arising out of the same incident is asserted against more than one health care provider, the notice of claim shall name all of them and shall be filed with all of them. Any health care provider so named shall have the right to request a panel and, in that event, shall mail copies of its request to the other health care providers named in the notice of claim as well as to the claimant and his counsel of record. When a request for a medical review panel is made by any party, a single panel shall be designated and all health care providers against whom a claim is asserted shall be subject to the jurisdiction of such panel.

*RULE THREE. Appointment of Panel.*

(a) *Composition.* Upon receipt of a request for the appointment of a medical review panel, the Chief Justice of the Supreme Court of Virginia shall forthwith designate the medical review panel. The panel so designated shall consist of three impartial attorneys and three impartial health care providers, licensed and actively practicing their professions in this State, and one active judge of a circuit court who shall serve as chairman of the panel.

(b) *Attorney Members.* The Chief Justice of the Supreme Court of Virginia shall select the attorney members of each panel from a list provided by the Virginia State Bar. The Virginia State Bar shall provide to the Executive Secretary of the Supreme Court of Virginia a list of one hundred fifty actively practicing attorneys. Such list shall include the office address and telephone number of

each attorney. One-third of the such list shall be replaced each year but members may be reappointed to the list without limit in time.

(c) *Health Care Provider Members.* The Chief Justice of the Supreme Court of Virginia shall select the health care provider members of the panel from a list provided by the State Board of Medicine. The State Board of Medicine shall provide to the Executive Secretary of the Supreme Court of Virginia a list of four hundred ninety health care providers. Such list shall include the office address and telephone number of each health care provider. The list furnished by the State Board of Medicine shall be by classification, as stated in Section 8.01-581.1 of the Code, and, where practical, specialty as follows:

(1) Physicians (300). Sixty in General Practice; forty in Surgery; thirty in both Internal Medicine and Orthopedic Surgery; twenty in Obstetrics and Gynecology; and ten in each of the following: Anesthesiology, Neurology, Neurosurgery, Opthalmology, Otorhinolaryngology, Pediatrics, Pathology, Physical Medicine, Plastic Surgery, Radiology, Urology, and Psychiatry.

(2) Hospitals (20). Twenty hospital administrators.

(3) Dentists (50). Twenty in General Practice. Ten in each of the following specialties: Oral Surgery, Endodontics and Periodontics.

(4) Pharmacists (20). Ten each in community pharmacy and hospital pharmacy.

(5) Registered or Licensed Practical Nurses (20).

(6) Optometrists (10).

(7) Podiatrists (10).

(8) Chiropractors (10).

(9) Physical Therapists (10).

(10) Physical Therapy Assistants (10).

(11) Clinical Psychologists (10).

(12) Nursing homes (20). Twenty nursing home administrators.

It shall be the responsibility of the State Board of Medicine to coordinate with the State Board of Health, State Board of Dentistry, State Board of Pharmacy, State Board of Nursing, State Board of Optometry, and such other regulatory boards as may be necessary to compile this list. A new list shall be provided every three years but members may be reappointed to the list without limit in time.

(d) *Withdrawal from List.* (1) An individual whose name is included on any list may have his or her name withdrawn from the list by notifying the Virginia State Bar or the State Board of Medicine. Upon receipt of such notification, the Virginia State Bar or the State Board of Medicine shall advise the Executive Secretary of the Supreme Court of Virginia of this change and submit a replacement.

(2) Any person subject to disciplinary action by his or her profession shall be automatically removed from the list by the appropriate regulatory body and a replacement submitted to the Executive Secretary of the Supreme Court.

(3) Any person who is unable through sickness, disability, or for any other reason to serve regularly on a panel shall be removed from the list and a replacement submitted to the Executive Secretary of the Supreme Court.

(4) The Executive Secretary of the Supreme Court may request that a name be removed from the list because of constant refusal to serve.

(e) *Manner of Selection.* (1) Selection from the lists by the Chief Justice will be rotated based on availability with due regard to the nature of the claim.

(2) Unless it shall prove impracticable, one health care provider on the panel shall represent the medical specialty involved in the claim.

(3) Any member of the panel may disqualify himself if he believes that his presence constitutes a conflict of interest or gives the appearance of impropriety. A party may move for such disqualification for cause within ten days after receiving notice of designation of the panel. The motion shall be in writing addressed to the chairman of the panel and served by mail on the opposing

party or its counsel. The chairman of the panel shall act on the motion unless the panel member in question disqualifies himself. In the event of such disqualification, the Chief Justice shall designate a new panel member.

*RULE FOUR. Convening of Panel.*

(a) *Notice of Appointment.* Upon selection of the panel members by the Chief Justice, the Executive Secretary shall mail a letter to the panel members advising them of their selection to the medical review panel and of the names and addresses of the parties and attorneys involved in this proceeding. A brief description of the claim shall be included in this letter. The panelists, within ten days thereafter, shall advise the Executive Secretary if they will be unable to serve. Upon expiration of the ten days, the Chief Justice will issue an official designation specifying the style of the proceeding and each panel member. A copy of this designation shall be mailed together with addresses of all panel members to the claimant and the health care provider and their counsel. This designation shall recite that the date, time, and place for the convening of the panel shall be fixed by the chairman.

(b) *Action on Objection.* If any objection to the adequacy or reasonableness of the notice of claim has been filed, the party filing the claim shall, within ten days after receipt of notice of the designation of the panel, mail to the chairman of the panel a copy of the notice of claim and of the objection thereto, advising the opposing party or his counsel of such mailing. The chairman shall rule on the objection. If the objection is sustained, the claimant or his counsel shall have the right to file an amended notice of claim within fourteen days after receipt of such filing.

(c) *Submission by Claimant.* The claimant, within forty-five days after receipt of the designation of the panel or receipt of notice of the overruling of any objection to the notice of claim shall submit to each member of the panel, including the chairman, a statement of facts together with all documentary evidence he or she desires to introduce. These materials shall be accompanied by a certificate stating that a copy of all such materials has been mailed to the health care provider and its counsel. All costs attendant to the submission of these materials shall be borne by the claimant. If the claimant fails to comply with this subsection,

the chairman shall prescribe a time within which the health care provider may submit evidence and shall order that the matter be considered solely upon such evidence. If the health care provider fails to comply with such order, the chairman shall order the panel discharged.

(d) *Submission by Health Care Provider.* Within thirty days after receipt of the materials filed by the claimant, the health care provider shall submit to each panel member, including the chairman, a counter statement of facts and all materials that it desires to introduce. These materials shall be accompanied by a certificate stating that a copy of all such materials has been mailed to the claimant and his counsel. All costs attendant to the submission of these materials shall be borne by the health care provider.

(e) *Extension of Time.* The time periods stated in Rules Four(c) and Four(d) above may be extended by the chairman of the panel for good cause shown.

(f) *Convening of Panel.* The circuit court judge shall be chairman of the panel and within twenty days after receipt of the documentary evidence of the health care provider shall notify all parties of the date, time and place for the convening of the panel having given due regard to the location of the other panel members and the parties involved.

(g) *Oath.* Upon the convening of the panel, the chairman shall swear in each panel member as follows:

> I,____(name)____, do solemnly swear to render an opinion faithfully and fairly on the basis of the evidence presented.

*RULE FIVE. Request for Ore Tenus Hearing.*

Either party may request the panel to conduct an ore tenus hearing. Such a request shall be made in writing to the chairman within ten days after the filing of the documentary evidence by the health care provider. The request shall state the reasons why an ore tenus hearing should be held and a copy shall be sent to each panel member, the opposing party and its counsel. The panel in its discretion shall determine whether an ore tenus hearing shall be held. If the panel decides that an ore tenus hearing shall be held, the chairman shall notify all parties and panel members of the

date, time and place for such a hearing. If the panel determines than an ore tenus hearing shall not be held, the chairman may, on the request of any party, extend the time for the submission of evidence in order to permit the parties to take and file despositions, and, in any such case, the panel shall convene at the direction of the chairman in executive session for the purpose of conducting its review of the written evidence; provided, however, that when the panel chooses to act only in executive session, counsel for all parties shall be notified of the date, time and place of that session.

### RULE SIX. Conduct of an Ore Tenus Hearing.

(a) *Subpoenas.* The chairman, upon the oral or written request of any party, without notice, or upon motion of the panel, may issue subpoenas for the attendance of witnesses and for the production of books, records, documents, and other evidence. When so issued, such subpoenas and subpoenas duces tecum shall be in the form prescribed in the Appendix of Forms attached hereto and shall be returnable to the office of the Clerk of the Circuit Court of the locality where the hearing is to be held. Any expense incurred in the service of such subpoenas shall be borne by the requesting party except in the case of subpoenas requested by the panel in which case the expense will be distributed as costs.

(b) *Depositions.* The panel may permit depositions to be taken in the manner and upon the terms designated by the panel.

(c) *Copies.* Any party may obtain from the clerk of the court to which subpoenas are returnable copies of any books, records or documents and other tangible evidence, upon paying to the clerk the reasonable cost of the copy.

(d) *Assembly of Record.* The chairman shall see to the transportation to the panel's meeting place of such books, records and documents as have been lodged in such clerk's office. The chairman, upon request of any party, shall, for the purpose of depositions, permit such books, records and documents to be transported by counsel for such party to the place for the taking of depositions after such counsel has given an appropriate receipt to the clerk, and such counsel shall be responsible for the return of such

materials to the clerk's office. Upon conclusion of the panel's deliberations, the permanent record shall be filed with the Executive Secretary of the Supreme Court of Virginia.

(e) *Quorum.* All members of the panel must be present at a hearing unless waived by both parties.

(f) *Decision.* A majority vote of the panel members may decide any question and determine the ultimate opinion.

(g) *Evidence.* The chairman shall rule upon the admissibility of all evidence, but strict rules of evidence need not be observed. Caution should be taken to insure that an opinion is not based entirely on hearsay evidence. Evidence should be material, but should be excluded only when it does not contribute to the development of a fair record.

(h) *Exclusion of Witnesses.* Witnesses other than the parties or one representative of each may be excluded at the discretion of the chairman.

(i) *Reporter.* Upon application of either party, a court reporter may be present to prepare a transcript of the proceeding. The cost of such reporter shall be borne by the party or parties using the services of the court reporter.

(j) *Procedure at Hearing.* The following general procedure shall be followed at an ore tenus hearing.

    (1)    The chairman shall convene the hearing, state the style of the case, and state any general rules adopted by the panel.

    (2)    The chairman shall swear in all panel members as provided in Rule Four(g).

    (3)    Preliminary motions may be made except that no demurrers, motions to dismiss or motions to strike will be permitted.

    (4)    All testimony shall be taken under oath.

    (5)    The counsel for the claimant may make an opening statement giving a chronological account of events, stating the acts or omissions that he believes constitute the professional negligence and specifying the evidence that he expects to produce.

(6) The counsel for the health care provider may make an opening statement setting forth his statement of facts and the evidence that he expects to produce.

(7) The counsel for the claimant shall then produce his evidence. All witnesses are subject to cross-examination and may be questioned by the panel.

(8) The counsel for the health care provider shall then produce his evidence. All witnesses are subject to cross-examination and may be questioned by the panel.

(9) The panel may call any witnesses that it desires to hear including expert witnesses. Any expense incurred by the panel in the calling of expert witnesses shall be apportioned as costs.

(10) Counsel for the claimant may present oral argument.

(11) Counsel for the health care provider may present oral argument.

(12) If oral argument is presented by the health care provider, counsel for the claimant shall be allowed rebuttal.

(13) At the conclusion of the hearing, the panel will deliberate in executive session and render its decision pursuant to Section 8.01-581.7 of the Code.

*RULE SEVEN. Expenses and Costs.*

(a) *Expenses.* Each member of the panel including the chairman shall be reimbursed for his actual and necessary expenses.

(b) *Compensation.* Each member of the panel except the chairman shall be paid at a rate of twenty-five dollars per day for service as a member of the panel.

(c) *Claims.* The Executive Secretary of the Supreme Court of Virginia shall provide a form of voucher to each member of the panel for submission for reimbursement and compensation. All vouchers shall be submitted by panel members to the Executive Secretary not later than thirty days after the rendering of the decision by the panel.

(d) *Costs.* The chairman shall apportion to the parties the expenses of conducting the panel in such proportions as may be determined by the chairman in his discretion. When apportioning

the costs, the chairman shall add to the per diem and other expenses of the panel a fee of twenty-five dollars to cover administrative costs incurred by the Commonwealth with respect to proceedings under Chapter 21.1 of Title 8.01 of the Code of Virginia.

(e) *Expert Witnesses.* The charges of any expert witness called by any party shall be paid by such party.

(f) *Payment.* Within thirty days after the date of the decision, each party shall send to the Executive Secretary of the Supreme Court of Virginia a check or money order payable to the Treasurer of Virginia in payment of all sums due and owing as its respective share of the costs. It shall be the duty of the counsel of record to insure that such payments are forwarded to the Executive Secretary.

A Copy,

Teste:

ALLEN L. LUCY

Clerk

## APPENDIX OF FORMS
### SUBPOENA

COMMONWEALTH OF VIRGINIA

COUNTY OF (OR CITY OF) _____, to-wit:

To the Sheriff of said City/County Greeting:

We command you in the name of the Commonwealth of Virginia at the instance of a Medical Malpractice Review Panel duly constituted in accordance with §§ 8.01-581.2 and 8.01-581.3 of the Virginia Code to summon _____

_____

_____

_____

to appear before the Medical Malpractice Review Panel, at____

_____, _____,

Virginia, at _____ a.m./p.m.

on _____, 19 _____,

to give evidence in connection with a claim pending before the Medical Malpractice Review Panel brought by _____

_____

_____

against _____

and make return how you have executed this subpoena.

Given under my hand this _____ day of _____,19 _____

Medical Malpractice Review Panel

By _____
                Chairman

## SUBPOENA DUCES TECUM

COMMONWEALTH OF VIRGINIA

COUNTY OF (OR CITY OF) _____, to wit:

To the Sheriff of said City/County Greeting:

We command you in the name of the Commonwealth of Virginia at the instance of a Medical Malpractice Review Panel duly constituted in accordance with §§ 8.01-581.2 and 8.01-581.3 of the Virginia Code to summon _____

_____

_____

_____

to produce on or before _____, 19 _____,
at the office of the Clerk of the Circuit Court of _____
the following written material, to-wit:

_____

_____

_____

_____

such material to remain in such office until further ordered and to be available for review and copy, and make return how you have executed this subpoena.

Medical Malpractice Review Panel

By _____
Chairman

## Rules of Court
## Order Amending

*VIRGINIA:*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Tuesday the 25th day of July, 1978.*

Heretofore came the Virginia State Bar, by R. Harvey Chappell, Jr., its President, and presented to the Court a petition approved by the Council of the Virginia State Bar, praying that Paragraph 10, Section IV of the Rules for Integration of the Virginia State Bar, Part Six of the Rules of Court, be amended to read as follows:

10. Promulgation of Legal Ethics and Unauthorized Practice of Law Advisory Opinions and Rules of Court.

(a)  *Definitions.*

(i)  "Bar" shall mean the Virginia State Bar.

(ii)  "Committee" shall mean the Legal Ethics Committee, the Unauthorized Practice of Law Committee, or both, as required by the context in which it is used.

(iii)  "Council" shall mean the Council of the Virginia State Bar.

(iv)  "Court" shall mean the Supreme Court of Virginia.

(v)  "Member" shall mean any active member of the Virginia State Bar.

(vi)  "Executive Director" shall mean the Executive Director of the Virginia State Bar.

(b)  *Requests for Advisory Opinions.*

(i)  An advisory legal ethics opinion of the Bar concerning contemplated or actual professional conduct of any member may be requested by any member.

(ii)  An advisory unauthorized practice of law opinion of the Bar may be requested by any member, the Governor of Virginia, or any member of the Senate or House of Delegates.

(iii)    All requests for advisory opinions shall be in writing, addressed to the Executive Director of the Bar, and shall state in detail all operative facts upon which the request is based.

(c)    *Advisory Opinions of the Committee.*

(i)    Upon receipt of a request for an advisory opinion, the Executive Director of the Bar shall transmit such request to the Chairman of the appropriate Committee.

(ii)    The Committee shall prepare, in response to the request, a written advisory opinion, which shall include its conclusion with respect to the question asked and its reasons therefor.

(iii)    In the case of (A) any advisory legal ethics opinion, and (B) any advisory unauthorized practice of law opinion in which the Committee concludes that the conduct in question is not the unauthorized practice of law, it shall decide, by a vote of the majority of the Committee as in its discretion it may deem appropriate, either to publish the advisory opinion as an informal advisory opinion, or to transmit the advisory opinion to Council for approval, modification or disapproval as a formal advisory opinion.

(iv)    In the case of an advisory unauthorized practice of law opinion in which the Committee concludes that the conduct in question constitutes or would constitute the unauthorized practice of law, the advisory opinion shall be sent to Council for approval, modification or disapproval.

(v)    Any party requesting an advisory legal ethics or unauthorized practice of law opinion who disagrees with the result stated in the Committee's advisory opinion, may appeal such opinion, as a matter of right, to Council for approval, modification or disapproval.

(vi)    Any such opinion expresses the judgment of the Committee and is advisory only. It shall have no legal effect and is not binding on any judicial or administrative tribunal.

(d)    *Notice of Advisory Opinions to Be Considered.*

(i)    In any case where an advisory opinion is to be considered by Council, and no later than 75 days next preceding the date of such Council meeting at which final action with respect to

such advisory opinion is to be taken, the Bar shall cause to be issued a press release which shall state (A) the question presented by the request for an advisory opinion; (B) the conclusion reached by the Committee; (C) a brief synopsis of the rationale for the conclusion; (D) that the advisory opinion may be inspected at the office of the Bar; (E) that the advisory opinion shall be considered by the Council, which will approve, disapprove or modify the advisory opinion; (F) that any individual, business or other entity may file 10 copies of written comments in support of, or in opposition to, the advisory opinion with the Executive Director, within sixty days of the date on which the press release was issued; and (G) that the decision of Council concerning the advisory opinion may be reviewed by the Court.

(ii)    The press release so issued shall also be printed in that issue of the *Virginia Bar News* next preceding the Council meeting at which final action with respect to such advisory opinion will be taken.

(e)    *Provision for Comments.*

(i)    Within sixty days from the date of the press release provided for in (d) (i), any individual, business or other entity may file 10 copies of written comments in support of, or in opposition to, the advisory opinion with the Executive Director.

(ii)    Within sixty days from the date of the press release provided for in (d) (i), Bar Counsel shall file, on behalf of the Bar with the Executive Director, 10 copies of written comments in support of, or in opposition to, the advisory opinion.

(iii)    Within sixty days from the date of the press release provided for in (d) (i), the Attorney General of Virginia shall file, with the Executive Director, 10 copies of written comments, which analyze the economic effect on competition of any restraint which may be caused by promulgation and implementation of the advisory opinion.

(iv)    Except as specifically requested by Council, there shall be no oral argument.

(f)    *Action by Council.*

(i)    Upon due consideration of all materials submitted to it, including an evaluation of the competition effects of approving or disapproving the advisory opinion, Council shall approve, modify or disapprove the advisory opinion, by a majority vote of those present and voting.

(ii)    In the case of any advisory opinion which is not transmitted to the Court for review pursuant to (f) (iii) below, if such advisory opinion is disapproved by a majority of Council present and voting, such action shall be recorded in the minutes of the meeting; if such advisory opinion is approved or modified, it shall be published as an advisory opinion of the Bar.

(iii)    All advisory unauthorized practice of law opinions in which Council concludes that the proposed or actual conduct constitutes the unauthorized practice of law, and all other advisory opinions which Council, by majority vote of those present and voting, desires to transmit, shall be reviewed by the Court pursuant to the notice and review procedures hereinafter set forth.

(iv)    Any such opinion expresses the judgment of Council and is advisory only. It shall have no legal effect and is not binding on any judicial or administrative tribunal.

(g)    *Review by the Supreme Court of Virginia.*

(i)    Within 30 days after the Council meeting at which final action with respect to such advisory opinion was taken, Bar Council shall file with the Clerk of the Court 9 copies of a Notice of Advisory Opinion Review; the request for an advisory opinion; all materials submitted to Council by the Bar, the Attorney General, and the public; and the advisory opinion as approved by Council.

(ii)    Except as specifically requested or ordered by the Court, there shall be no oral argument.

(iii)    Upon due consideration of all material submitted to it, including an evaluation of the competitive effects of approving or disapproving the advisory opinion, the Court shall approve, modify or disapprove the advisory opinion, with or without a written opinion by the Court. If the advisory opinion is approved, it shall become a Rule of Court, and be published accordingly.

(h)    *Modification, Amendment or Repeal of a Rule.*

(i)     The Court, upon petition by the Bar, may modify, amend, or repeal any Rule first promulgated pursuant to the procedures of this paragraph.

(ii)     Such a petition may be filed only pursuant to a majority vote at a Council meeting, by members there present and voting.

(iii)     Where Council votes to petition for modification, amendment or repeal of any Rule, the notice provisions of (d) and review procedures of (g) shall be fully applicable.

Upon consideration whereof, it is ordered that the Rules for Integration of the Virginia State Bar, Part Six of the Rules of Court, be, and the same are hereby, amended in accordance with the prayer of the petition aforesaid, effective immediately.

A Copy,

Teste:

ALLEN L. LUCY

Clerk

## RULES - JUDICIAL INQUIRY AND REVIEW COMMISSION
### (Effective 1 July 1978)

Pursuant to Section 2.1-37.5, Code of Virginia, the following rules shall apply to govern investigations and hearings conducted by the Commission.

(1)   A charge against a person described in Section 2.1-37.1, Code of Virginia, as amended, may be filed with the Commission at the office of the Commission, 508 Eighth Street Office Building, Richmond, Virginia 23219, or with any member of the Commission, on the form prescribed by the Commission, or on any other appropriate form. The charge should be verified.

(2)   The Commission or the Chairman may order an investigation to be made in such a manner that is deemed appropriate. The subject of the investigation may, or may not, be notified of the investigation.

(3)   Hearings may be conducted at such times and places in the State as the Commission shall determine. Written notice of such hearings shall be issued by a member of the Commission to the subject of the hearing advising him of the hearing, the time and place thereof, and the facts alleged. The written Notice may be served as in other civil process, or by certified or registered mail.

(4)   The subject of the hearing shall have the right to file with the Commission a written answer to the Notice wthin twenty-one (21) days after service of the written Notice. The Chairman of the Commission may extend the time for filing an answer and the time for the hearing.

(5)   The Chairman of the Commission may preside at the hearing and shall recieve all evidence considered by him, or the Commission, to be reliable and relevant to the issues. Oral evidence shall be taken only on oath or affirmation. All persons appearing shall be notified that the hearing is confidential and that a violation of this rule is in violation of the statute and is a misdemeanor.

(6)   The subject of the hearing shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by counsel, and to examine and cross-examine witnesses. Upon application to the

Commission, he shall also have the right to the issuance of subpoenas for attendance of witnesses and the production of books, papers, and other evidentiary matter. The subject of the hearing shall not be required to attend.

(7) At the hearing, evidence shall first be presented in support of the charges. The subject of the hearing may present evidence in opposition to the charges.

(8) A record of the hearing of the Commission shall be kept.

(9) The Commission may continue a hearing to a time and place as it deems proper.

(10) All papers filed with and all proceedings before the Commission are confidential pursuant to Section 2.1-37.13, Code of Virginia, that the same shall not be divulged, and a violation thereof is a misdemeanor and punishable as provided by law.

(11) If the Commission finds the complaint against a Judge to be well founded but not of sufficient gravity to constitute the basis for retirement, censure or removal, it may summon the Judge before the Commission or designated Commission members and advise the Judge of its findings. The complaint may then be removed from the docket of the Commission but may, nevertheless, be considered with any other complaints against such Judge.

(12) Subpoenas issued pursuant to the provisions of Section 2.1-37.9 may be signed by a member of the Commission or counsel to the Commission.

> A Copy, as amended July 1, 1978,
> Teste:
> RENO S. HARP, III
> *Counsel to the Commission*