# CIRCUIT COURT OF THE CITY OF NORFOLK

James L. Miller

v.

R. Bryan Grinnan, III, et al.

May 6, 2013

Case No. (Civil) CL12-286

By Judge Alfred D. Swersky

This matter is before the Court after trial on the merits held on March 25, 26, 2013. Upon consideration of the evidence presented, the exhibits admitted into evidence, and the arguments of counsel, the relief sought by Complainant will be granted.

Complainant brought this action to declare a restrictive covenant on his lot null and void. He alleges that "The sole purpose of the restrictive covenant was to establish a building line set-back from Edgewater Drive." (Complaint, ¶ 11.) Further, he alleges that "Edgewater Drive was closed by the City Council of Norfolk pursuant to Ordinance" (Complaint, ¶ 12); that Edgewater Drive has been closed, abandoned, and does not exist" (Complaint, ¶ 13); and that "the land which was once designated as Edgewater Drive is now privately owned and has been incorporated into the Edgewater Drive parcels." (Complaint, ¶ 15.) He argues that, since the reason for the restrictive covenant no longer exists, the covenant should be declared null and void.

Defendants, neighbors, whose waterfront lots abut the former Edgewater Drive, argue that Miller has not shown the requisite changes for nullifying the covenant. They urge upon the Court the argument that the covenant had multiple purposes other than a street set-back. They argue that the covenant also served to regulate the style and aesthetics of buildings on the waterfront lots, to protect the views and aesthetics of the party's properties, to insure uniformity in appearance, to create unobstructed air, light, and vision benefits to the property owners, and to help protect the privacy interests of the owners.

Defendants also urge equitable considerations to the court by arguing that the vacation of the restriction will unjustly injure the defendants and enrich the Complainant. They presented evidence of their reliance on the restriction as a factor in their determinations to buy the properties and as part of the consideration for the purchase price. They presented expert testimony that the vacation of the restriction would adversely affect the value of their properties as well as their privacy.

The source deeds for all of the properties involved contained the express condition to run with the land:

> First: that grantee or his assigns will not erect any buildings or porches on said land herein conveyed nearer to the avenue or street on which the said lot of land fronts and the building line established on the plat of said land for said buildings.

The plan of Edgewater (complaint's Exhibit 4) is the plat referred to and entered of record on October 7, 1899. It reflects a "building line" on all lots, waterfront and non-waterfront, along with designations of avenues and streets. Nowhere in any deed or on the plat are the purposes of the restriction stated. However, if it is apparent from a reading of the whole instrument that the restrictions carry a certain meaning, then the thing denied may be clearly forbidden as if the language used had been in positive terms of express inhibition. *Waynesboro Village, L.L.C. v. BMC Properties*, 255 Va. 75, 496 S.E.2d 64 (1998); *Scott v. Walker*, 274 Va. 209, 645 S.E.2d 278 (2002).

Also, covenants restricting the free use of land are not favored and must be strictly construed; the burden being on the party seeking to enforce them to demonstrate that they are applicable to the acts of which he complains, and substantial doubt or ambiguity is resolved against the restrictions and in favor of the free use of the property. *Waynesboro Village, L.L.C., supra*, at page 80. See also, *Barris v. Keswick Homes, L.L.C.*, 268 Va. 67, 597 S.E.2d 54 (2004).

Applying the principles here, it is clear that the purpose of the restriction is to provide a set-back from the streets and avenues of both the waterfront and non-waterfront lots. The other "purposes" argued by defendants may be secondary effects of the restriction, but they are nowhere to be found either in the deeds or on the plat; nor is there any parol evidence to suggest that the building-line restrictions had the other intended purposes. The absence of any other restrictions on building location, size, or aesthetics in any of the lots is significant, as well as the fact that the set-back restrictions appear on both waterfront and non-waterfront lots.

Having found the purpose of the restriction to be street set-backs, the question is whether or not the reason for the restriction has disappeared. The evidence, not really in dispute, is that the land where Edgewater Drive was to be built was damaged during a hurricane in the 1930s and it is

uncontroverted that the land upon which it was to be built was conveyed back to the waterfront lot owners.

The disappearance of Edgewater Drive as an "avenue or street" described in the restriction destroys, in this case, "the essential objects and purposes of the covenant." See *Booker v. Old Dominion Land Co.*, 188 Va. 143, 49 S.E.2d 314 (1948); *Chesterfield Meadows Shopping Center Associates, L.P. v. Smith*, 264 Va. 350, 568 S.E.2d 676 (2002).

As to defendant's equitable claims, for equity to intervene on this basis, there must be an allegation and proof of an equitable servitude, i.e. a general scheme of development restricting the use of these lots as to the aesthetic conditions raised. *Leemans v. Troutman Builders, Inc.*, 260 Va. 202, 530 S.E.2d 909 (2000). As previously stated, there are no such restrictions on the development of each of the lots shown in the plat.

This case involves only a covenant "running with the land," limiting the use of the lots only as to an avenue or street. Under these circumstances, "the effect on the value of property resulting from the enforcement or a refusal to enforce a restrictive covenant is of slight, if any, consequence." *River Heights Assocs. v. Batten*, 267 Va. 262, 272 (2004), citing *Booker v. Old Dominion Land Co., supra.*

Complainant presented evidence of instances where the twenty foot setback was violated without action by any of the landowners. While he has not argued a waiver or acquiescence by defendants, the Court finds that the existence of these violations does not constitute a waiver or acquiescence. *Village Gate Homeowners Assoc. v. Hales*, 219 Va. 321, 246 S.E.2d 903 (1978).

For these reasons, the relief sought by the Complainant will be granted, as the Court declares the building-line restriction to be null and void as to Complainant's property.