RAINTREE OF ALBEMARLE
HOMEOWNERS ASSOCIATION, INC.

V.

CHARLES D. JONES, ET AL.

Record No. 910323

January 10, 1992

Present: All the Justices

*Gail S. Ogle* for appellant.
*Bruce R. Williamson, Jr. (Williamson & Toscano*, on brief), for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

The primary issue that we consider in this appeal is whether a homeowners association has waived its right to enforce a restrictive covenant.

Raintree of Albemarle Homeowners Association, Inc. filed its bill of complaint against Charles D. Jones and Glenda M. Jones seeking to enforce certain restrictive covenants contained in a "Declaration of Statement of Restrictions[,] Covenants[,] and

Conditions." The Homeowners Association requested that the chancellor issue an injunction which, among other things, would have prohibited Charles and Glenda Jones from keeping or storing a tow truck on their property.

The chancellor conducted an *ore tenus* hearing and granted partial relief. The chancellor enjoined Mr. Jones from: parking any vehicle on property owned by others without permission; placing vehicles in a state of disrepair on his property or on Old Brook Road; and placing vehicles with painted signs on his property. However, the chancellor found that, even though a tow truck which Mr. Jones regularly parked in his driveway violated a restrictive covenant, the Homeowners Association was not entitled to the issuance of an injunction because it had not uniformly enforced the restrictive covenant against other property owners in the subdivision. Additionally, the court did not grant injunctive relief against Glenda Jones and declined to award the complainant or respondents attorneys' fees. We granted the Homeowners Association an appeal and the Joneses a cross-appeal.

Citing Rule 5:11, Charles and Glenda Jones contend that the Homeowners Association's appeal should be dismissed because it failed to file a transcript with this Court. We disagree. In this case, the record consists of the pleadings, exhibits filed during the *ore tenus* hearing, orders of the trial court and its letter opinion. Even though the Homeowners Association did not file a transcript of the *ore tenus* hearing, the findings of fact upon which the chancellor relied are contained in his opinion. Therefore, we hold that the record is sufficient to permit this Court to consider the legal questions raised in this appeal. *See Smyth* v. *Midgett*, 199 Va. 727, 729, 101 S.E.2d 575, 578 (1958).

The relevant facts are not in dispute. Charles and Glenda Jones own Lots 1 and 2 of Phase I in the Raintree subdivision. The lots are located on Old Brook Road which is Virginia State Route 652.

In November 1987, Mr. Jones purchased a "wrecker service" business and he began to park a red tow truck, also described as a small wrecker, at his home. The Homeowners Association requested that Mr. Jones cease parking the tow truck on his property. He refused to do so and continued to park the truck there through the date of the *ore tenus* hearing.

Two property owners in the Raintree subdivision, Gordon L. Nicely and Dennis Powell have, on occasion, parked pickup trucks owned by a utility company at their homes. Richard McDonald,

president and a director of the Homeowners Association, testified that the Homeowners Association had determined that these pickup trucks, unlike the tow truck, were not commercial trucks which were kept and stored in the subdivision within the intent of the restrictive covenant.

The relevant restrictive covenant states:

> No school buses, commercial vehicles, or habitable motor vehicles may be kept on or stored on any part of the property except within an enclosed garage. *No trucks of any nature shall be parked overnight on the property subject hereto* except in an enclosed garage, nor shall any vehicles of any description be permitted to be repaired on any lot or the Common Area, except in an enclosed garage or other area completely screened from roads and adjoining properties.

*Id.*, art. V, § 5.01(j) (emphasis added).

First, the Homeowners Association argues that the trial court erred because the pickup trucks that Mr. Nicely and Mr. Powell parked in the subdivision are not trucks within the meaning of the restriction.

We disagree with the Homeowners Association. The trial court found that the pickup trucks are "trucks of any nature" as well as commercial vehicles within the meaning of the restriction. We have repeatedly said that where the grant or denial of injunctive relief is based upon findings of fact made by the chancellor, we will not disturb the decision unless it was plainly wrong or without evidence to support it. *McCauley* v. *Phillips*, 216 Va. 450, 456, 219 S.E.2d 854, 859 (1975). Additionally, "[w]hen the evidence introduced in the [trial] court is not made a part of the record on appeal, all questions of fact resolved by that court must be accepted as conclusive." *Smyth*, 199 Va. at 729, 101 S.E.2d at 578.

Next, the Homeowners Association argues that its failure to require Nicely and Powell to remove their trucks did not constitute a waiver of the Homeowners Association's right to enforce the restrictive covenant. In *Village Gate Homeowners Ass'n.* v. *Hales*, 219 Va. 321, 246 S.E.2d 903 (1978), we discussed the principles that we must apply when determining whether a homeowners association has waived its right to enforce a restrictive covenant. There, a homeowners association filed a suit to enforce certain

covenants, conditions, and restrictions. The association sought an order requiring a homeowner to remove a front yard wall which had been constructed on her property in violation of a covenant which stated: "No front or side yard fence, wall or walls, or other similar type structures shall be allowed except those constructed by or on behalf of [the developer]." *Id.* at 323, 246 S.E.2d at 904 (brackets in original). The trial court held that the homeowners association had waived its right to enforce the restrictive covenant because the association had permitted certain homeowners to retain side yard fences violative of the covenant. *Id.* at 324, 246 S.E.2d at 904.

■ Reversing the judgment of the trial court, we stated:

> Elementary is the proposition that the right to enforce a restrictive covenant of this type may be lost by waiver, abandonment or acquiescence in violations thereof. But the party relying on such waiver must show that the previous conduct or violations had affected 'the architectural scheme and general landscaping of the area so as to render the enforcement of the restriction of no substantial value to the property owners.' . . .
>
> To determine whether [the homeowner] has shown no substantial value was left in this restriction, we look first to its purpose and then to the conduct of [the homeowners association] as it affected the neighborhood.

*Id.* at 324-25, 246 S.E.2d at 905 (citations omitted).

■ Applying these principles, which were not applied by the trial court, we hold that the Homeowners Association did not waive its right to enforce the restriction. The restriction, which is binding upon all homeowners in the Raintree subdivision including Charles and Glenda Jones, was enacted to enhance and protect the value and attractiveness of the subdivision. Our review of the record, including photographs of the tow truck, the pickup trucks and houses in the subdivision, indicates that the Homeowners Association's decision not to enforce the covenant against Mr. Nicely and Mr. Powell did not substantially affect the value of the covenant. As we stated in *Hales*, "as long as the value of the covenant has not been affected substantially, [a homeowners association] will not be deemed to have waived the right to enforce [the covenant]." *Id.* at 326, 246 S.E.2d at 906.

■ The trial court denied the Homeowners Association's request for an injunction which would have prohibited Charles and Glenda Jones from parking the tow truck on their lots or on Old Brook Road, the street where the lots are located. The Homeowners Association argues that the trial court erred because it held that Old Brook Road is not included within the property governed by the restrictive covenants.

We disagree with the Homeowners Association. A subdivision plat of Phase I of the Raintree subdivision, which is a part of the record, shows that Old Brook Road constitutes State Route 652. The Homeowners Association does not have authority to control access to or use of a road owned by the Commonwealth of Virginia. *See Robert* v. *City of Norfolk*, 188 Va. 413, 419, 49 S.E.2d 697, 700 (1948).

Next, the Homeowners Association argues that the trial court erred because its final decree enjoined only Mr. Jones and not Glenda Jones from violating the restrictive covenants. We disagree with the Homeowners Association.

■ The trial court stated in its final decree that the Homeowners Association failed to produce evidence of actions taken by Glenda Jones violative of the restrictive covenants and it dismissed the complaint as to her. As we stated earlier, the chancellor's findings of fact are conclusive because the evidence admitted at the *ore tenus* hearing was not made a part of the record on appeal. Thus, we hold that the court did not abuse its discretion.

Charles and Glenda Jones assigned, as cross-error, the trial court's failure to award them attorneys' fees pursuant to Code § 55-515, which states:

> Every lot owner, and all those entitled to occupy a lot shall comply with all lawful provisions of this chapter and all provisions of the declaration. Any lack of such compliance shall be grounds for an action or suit to recover sums due, for damages or injunctive relief, or for any other remedy available at law or in equity, maintainable by the association, or by its executive organ or any managing agent on behalf of such association, or in any proper case, by one or more aggrieved lot owners on their own behalf or as a class action. The prevailing party shall be entitled to recover reasonable attorneys' fees and costs expended in the matter.

■ The Homeowners Association filed this proceeding seeking certain relief. The trial court granted only a portion of the requested relief. Therefore, Charles and Glenda Jones prevailed on certain claims and the Homeowners Association prevailed on others. We hold that the trial court did not err by refusing to award attorneys' fees to the Joneses.

Accordingly, we will remand this proceeding to the trial court for entry of a decree which will enjoin Mr. Jones from violating Article V, § 5.01(j) of the "Raintree Subdivision Statement of Restrictions, Covenants and Conditions."

*Affirmed in part,
reversed in part,
and remanded.*