# CIRCUIT COURT OF LOUDOUN COUNTY

Melmore II, L.C., et al.

v.

Boyer et al.

March 11, 1998

Case No. (Chancery) 18032

BY JUDGE THOMAS D. HORNE

This matter came before the Court on the request of the Complainant for injunctive relief to enforce the provisions of the restrictive covenants applicable to a certain lot and parcel of land located in the Melmore Subdivision, Loudoun County, Virginia. Complainant suggests that the owners of the parcel are in violation of the recorded covenants, conditions, restrictions, and reservations of the development in that they have erected a fence which has not been approved by the grantor and which is violative of the directive that, "all fences shall be of a split rail design and construction and shall be placed in a manner to advance the rural atmosphere of the development."

Respondents have erected a fence, not of a split rail design, in order to protect their extensive plantings from deer. Although the grantor developer may, in his sole discretion, vary the terms of the covenants, he has elected not to do so in the instant case. On its view of the subdivision, the Court was shown numerous examples of fences which have been erected which are not of a split rail design. In each case, the developer indicated that a request to permit the erection of such fences was made and approved by him pursuant to the power reserved by the grantor to vary the terms of the covenants. A number of photographs depicting these fences have been included among the papers in the case.

To the extent that the complainants have relied upon that portion of the covenants restricting the placement of a fence of any kind within an easement for an eight foot bridal path, the Court rejects such argument. That provision

of the covenants is applicable only to those lots numbered 1 through 12 shown on the plat of the subdivision recorded in Deed Book 686 at pages 70 and 71 and in Plat Book 15 at pages 123 and 124. A review of the records in the Clerk's Office reveals that the subject parcel is not located in the area shown on the plat recorded at Deed Book 686 at pages 70 and 71. Although part of the planned development, the Respondents' property is part of a latter section not otherwise covered by the bridal path easement. Accordingly, the Court must determine this case in accordance with the law applicable to the issue of waiver as applied to the enforcement of restrictive covenants.

Whether the respondents are to be required to remove their fence is determined by the familiar principles that:

> the right to enforce a restrictive covenant of this type may be lost by waiver, abandonment or acquiescence in violations thereof. But the party relying on such waiver must show that the previous conduct or violations had affected "the architectural scheme and general landscaping of the area so as to render the enforcement of the restriction of no substantial value to the property owners." ... .
>
> To determine whether [the homeowner] has shown no substantial value was left in this restriction, we look first to its purpose and then to the conduct of [the homeowners association] as it affected the neighborhood.

*Village Gate v. Hales*, 219 Va. 321, 324-25 (1978); *Raintree Homeowners Assoc. v. Jones*, 243 Va. 155, 159 (1992).

Although there have been a number of instances in which the developer has approved fences within the subdivision that are not of a split rail design, these approvals have not changed the general scheme of the development. On the view of the subject parcel, the Court had the opportunity to tour the subdivision in the company of the parties. The overall landscaping of the area continues to convey a sense of openness. In large measure, this country setting is reinforced through the use of split rail fencing. Although certain of the homeowners have been permitted to place nonconforming fences on their property, the placement of such fences with the consent of the developer has not rendered the provisions with respect to fencing of no substantial value to the respondents' neighborhood. There has been no waiver of the covenants by the grantor. Accordingly, the Complainant is entitled to the injunctive relief sought in this case.

The Respondents shall be directed to bring their property into compliance with the covenants within 120 days of the entry of a Final Decree in this case.