COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Athey and Causey
Argued at Alexandria, Virginia


SANJAY SAINANI, ET AL.

                                                    MEMORANDUM OPINION* BY
v.         Record No. 0049-23-4                        JUDGE GLEN A. HUFF
                                                       JANUARY 16, 2024
BELMONT GLEN HOMEOWNERS
  ASSOCIATION, INC.


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge[1]

James J. Knicely (The Knicely Law Firm, P.C., on briefs), for
appellants.

Marla J. Diaz (Claudia Lopez-Knapp; Nikolai Abaev; Whiteford,
Taylor & Preston L.L.P, on brief), for appellee.


SanJay and Sona Sainani (the Sainanis) appeal the circuit court's disposition of their

counterclaims and application for attorney fees following the remand of this matter from an appeal

to the Supreme Court of Virginia.  On appeal, the Sainanis argue that the circuit court erred by not

awarding them all the requested attorney fees and costs—specifically the denial of fees and costs to

the Law Office of William A. Marr, Jr. (the Marr Law Office) for appellate work and to The

Knicely Law Firm, P.C. (the Knicely Law Firm) for work following remand of this matter from the

Supreme Court.  In assignments of cross-error, Belmont Glen argues that the circuit court erred in

granting the Sainanis' motion to vacate the circuit court's earlier orders and for awarding the

Sainanis damages.  Belmont Glen also challenges the circuit court's award of attorney fees.  For the

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] An active judge from the circuit entered the final order on behalf of Judge Irby after her
term expired.

following reasons, this Court affirms in part, reverses in part, and remands the matter to the circuit court for further proceedings.

BACKGROUND

Under familiar principles of appellate review, "we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below." *Ridenour v. Ridenour*, 72 Va. App. 446, 450 (2020) (alteration in original) (quoting *Pommerenke v. Pommerenke*, 7 Va. App. 241, 244 (1988)).

This appeal arises from the circuit court's disposition of a case involving Belmont Glen and the Sainanis, following the Supreme Court's remand for further proceedings. *Sainani v. Belmont Glen Homeowners Ass'n, Inc.*, 297 Va. 714 (2019). Belmont Glen is a property owners association overseeing the Belmont Glen neighborhood. The Sainanis owned property within the Belmont Glen neighborhood. Belmont Glen's governing documents included an Amended and Restated Declaration (August 2014 Declaration) that authorized Belmont Glen to adopt rules and regulations for maintenance and aesthetics of the properties within the neighborhood, including the Sainanis' property. The August 2014 Declaration included guidelines regarding the use of outdoor holiday lighting ("seasonal guidelines").[2]

The Sainanis displayed a string of lights on both their front door and on their back-deck railing in celebration of several Hindu, Sindhi, and Sikh religious holidays throughout the year.[3] Belmont Glen sent the Sainanis several violation letters, alleging that their use of outdoor holiday lighting violated the seasonal guidelines. After the Sainanis failed to respond to the violation letters

---

[2] The August 2014 Declaration listed Halloween, Thanksgiving, "Winter Holidays," and July 4 as approved holidays. The Architectural Design Guidelines later added Diwali as an approved holiday and stated that light installation for Diwali could not exceed 15 days.

[3] The Sainanis did not request permission from the Architectural Review Board for modification of its policy, as allowed by the seasonal guidelines.

or comply with the letters' requests to correct the violations, Belmont Glen's Architectural Review Board (ARB), which oversaw the enforcement of the seasonal guidelines, held a hearing regarding the violations. The Sainanis did not attend the hearing, and the ARB imposed a $10 fine for each day that the violations went uncorrected, for a period of up to 90 days.

Months later, the Sainanis continued to receive multiple violation letters from Belmont Glen for their use of holiday outdoor lighting, and the ARB held another hearing in January 2016 and imposed the same penalty. At the second hearing, the ARB also suspended the Sainanis' voting privileges, as well as the Sainanis' access to community facilities.[4]

Belmont Glen filed a warrant in debt in the Loudoun County General District Court (GDC) against the Sainanis to recover the unpaid fines. The GDC entered judgment in Belmont Glen's favor in the amount of $885.64. The Sainanis appealed to the circuit court, and filed a counterclaim, and later an amended counterclaim, seeking a permanent injunction to prevent Belmont Glen from enforcing the seasonal guidelines (Count I), breach of contract relating to Belmont Glen's enforcement of the seasonal guidelines (Count II), and breach of the Virginia Property Owners' Association Act (Count III). The Sainanis requested $5,000 in damages, plus attorney fees and costs.

On July 19, 2017, the circuit court granted Belmont Glen's motion to strike the Sainanis' counterclaims. The circuit court determined the Sainanis violated Belmont Glen's seasonal guidelines, awarded Belmont Glen $884.17 in unpaid fines and $39,148.25 in attorney fees and costs, and dismissed the Sainanis' counterclaims.

Upon the Sainanis' first attempt to appeal, the Supreme Court dismissed the petition for appeal because they were appealing an interlocutory, non-appealable order; the circuit court's order

---

[4] The ARB scheduled a third hearing for February 2016 to address the violations. The Sainanis, however, obtained legal counsel who requested a continuance of the hearing because the matter was then in litigation.

did not enter summary judgment for Belmont Glen on the Sainanis first amended counterclaim.[5]

On May 11, 2018, the circuit court held that Belmont Glen "had authority to enforce the restrictive covenants and adopt and enforce rules and regulations against the Sainanis by virtue of" the August 2014 Declaration and the seasonal guidelines "in effect were reasonable and enforceable." The circuit court again determined the Sainanis violated Belmont Glen's seasonal guidelines, awarded Belmont Glen $884.17 in unpaid fines and $39,148.25 in attorney fees and costs, and entered summary judgment in Belmont Glen's favor on the Sainanis' counterclaims. The circuit court enjoined the Sainanis from violating Belmont Glen's governing documents and ordered the Sainanis to remove the outdoor lights within ten days of entry of the order.

The Sainanis again appealed to the Supreme Court. On appeal, the Supreme Court held that Belmont Glen's seasonal guidelines, which were the basis of the fines Belmont Glen imposed against the Sainanis, exceeded the scope of and were not reasonably related to any of Belmont Glen's restrictive covenants. *Sainani*, 297 Va. at 728. The Supreme Court reversed the circuit court's judgment, including the circuit court's dismissal of the Sainanis' counterclaims, and "direct[ed] the court to reconsider them anew on remand." *Id.* at 729 n.7. The Supreme Court also reversed the circuit court's award of attorney fees and costs and remanded the matter to the circuit court for further consideration. *Id.* at 728-29.

On remand, the Sainanis moved to vacate the circuit court's July 19, 2017 order, as well as the circuit court's May 11, 2018 order following the remand from the Supreme Court, and for "related relief" under Count I of the first amended counterclaim. As the Supreme Court instructed the circuit court to reconsider the Sainanis' amended counterclaims, the Sainanis also moved for partial summary judgment on Count II of their amended counterclaim, alleging breach of contract.

---

[5] The Supreme Court's dismissal was without prejudice to the Sainanis' right to appeal the final order of the circuit court.

The Sainanis reduced their original request for $5,000 in damages, and instead asked the circuit court to award $200 in nominal damages. The Sainanis also asked the circuit court to order Belmont Glen to vacate the judgment lien on the Sainanis' property. The Sainanis cited the Supreme Court's holding that the seasonal guidelines exceeded the scope of Belmont Glen's restrictive covenants and reasoned that they were thus "unenforceable" and could not serve as the basis of the lien.

Belmont Glen opposed the Sainanis' motion to vacate. Belmont Glen "object[ed] to the [m]otion to [v]acate insofar as it seeks injunctive relief against the Association requiring certain corporate action to expunge [Belmont Glen's] corporate records or to repeal the Seasonal/Holiday Decorations policies." Belmont Glen noted that the Supreme Court merely instructed that they could not take further enforcement action against the Sainanis related to the seasonal guidelines. Belmont Glen argued that the Sainanis were not entitled to injunctive relief because the Sainanis received adequate remedy at law and required no further action to make them whole.

Belmont Glen also opposed the Sainanis' motion to vacate "to the extent that it [sought] to reopen and relitigate those issues resolved by [the circuit court] that were not reversed on appeal," namely the effectiveness of the August 2014 Declaration as a whole. Belmont Glen acknowledges that the Supreme Court held that the seasonal guidelines exceeded its authority and were unenforceable, but argued that the Supreme Court relied upon the August 2014 Declaration in its analysis of the seasonal guidelines. Belmont Glen asserted that this showed that the Supreme Court presumed that the August 2014 Declaration as a whole was effective and that the circuit court should not grant the Sainanis' motion to vacate the circuit court's earlier orders that held as such.

Regarding the Sainanis' motion for partial summary judgment, Belmont Glen acknowledged that the Supreme Court's opinion resolved the issue of whether Belmont Glen had the authority to enforce the seasonal guidelines against the Sainanis. Belmont Glen contended,

however, that the Supreme Court did not resolve the issue of whether the Sainanis properly pled for the relief they sought on summary judgment or whether the Sainanis introduced sufficient evidence at trial to prevail on their counterclaims. Belmont Glen alleged that in the Sainanis' Count II for breach of contract, the Sainanis should not be permitted to reduce the initial claim from $5,000 in damages to $200 in nominal damages. Belmont Glen claimed that this was inconsistent with their amended counterclaim, wherein the Sainanis alleged that they were actually damaged by the breach due to their inability to use the common area and facilities. Belmont Glen argued at no point did the Sainanis make a claim for nominal damages.[6]

After hearing the parties' arguments, the circuit court granted the Sainanis' motion and vacated its previously entered orders dated July 19, 2017, and May 11, 2018. The circuit court explained that "the clear language of the Supreme Court's mandate [was] that the judgment in the case, in its entirety, [was] reversed and annulled and [was] remanded for further consideration of the narrow issue of" the Sainanis' counterclaim.

In its letter opinion, the circuit court also discussed the Sainanis' motion for partial summary judgment on their breach of contract counterclaim. The parties did not dispute that Belmont Glen breached the contract by attempting to enforce the seasonal guidelines, but rather disagreed as to the resulting damages. Belmont Glen argued that the Sainanis "pled for actual damages, not nominal damages. Thus, they must prove their damages, which they have not done." The circuit court found that the Sainanis' request to reduce an award of damages from $5,000 to $200 demonstrated that they sought nominal damages. Moreover, the circuit court also found as a matter of fact that the record demonstrated the Sainanis "paid a total of $225 for pool privileges that they were not permitted to enjoy," which demonstrated actual damages.

---

[6] In response to Belmont Glen's challenge, the Sainanis filed an amended motion for summary judgment. In the amended motion, the Sainanis requested compensatory, as well as nominal, damages in the amount of $200.

Therefore, the circuit court determined the record supported the award of damages in the amount of $200 under either nominal damages or actual damages.

The circuit court entered its order, granting the Sainanis' motion to vacate and motion for partial summary judgment. The circuit court ordered Belmont Glen to release any liens against the Sainanis and to vacate any notices of violations with respect to Belmont Glen's enforcement of the seasonal guidelines. The circuit court awarded the Sainanis $200 in damages arising from Belmont Glen's enforcement of the seasonal guidelines.[7] The circuit court stated it would consider the Sainanis' request for costs, attorney fees, and interest at a later hearing.

The circuit court later denied the Sainanis' request for permanent injunction against Belmont Glen, holding that "there [was] no indication that Belmont Glen sought to enforce the seasonal guidelines after the Supreme Court has deemed them unenforceable." The circuit court also noted that the Sainanis sought an award of attorney fees and costs dating back to the original complaint, which the Sainanis contended was bifurcated from the underlying trial. The circuit court agreed, and determined that the issue of attorney fees and costs was bifurcated and preserved.

The Sainanis filed a "motion for recovery of prevailing party fees and costs" on February 23, 2021. The Sainanis requested attorney fees for the Marr Law Office "as trial counsel and as counsel through the filing of the petitions for appeal in this action with the Supreme Court of Virginia" in the amount of $207,902.50, plus costs and expenses of $8,125.20. The Sainanis also sought attorney fees for the Knicely Law Firm for their work on the merits appeal to the Supreme Court of Virginia in the amount of $42,705, plus costs and expenses of $208.24, as well as for their work as trial counsel for post-appeal matters including the disposition of counterclaims, in the amount of $27,075, plus costs and expenses of $1,713.41. The Sainanis

---

[7] The circuit court dismissed as moot Count III of the Sainanis' amended counterclaim.

contended that they were "the prevailing parties in this action on the merits of their defense to [Belmont Glen's] civil action against them, and on their counterclaim for damages, as well as on the appeal of the [circuit court's] initial judgments in this case, and related proceedings." The Sainanis argued that they were entitled to recovery of all their attorney fees and costs under Code §§ 55.1-1819 and -1828.

The circuit court conducted a hearing on attorney fees. Both parties presented expert testimony regarding the reasonableness of attorney fees. At the close of evidence and argument, the circuit court stated that Code § 55.1-1828 authorized it "to consider the prevailing party with respect to litigation and what effect that may have on the award of attorney fees." The circuit court found that the Sainanis were the prevailing party at both the trial and appellate level. The circuit court determined, however, that the Sainanis were not the prevailing party post-appeal because the Sainanis were not successful in their request for a permanent injunction, "although the [circuit court] did give them other relief."[8]

In formulating the attorney fee award, the circuit court stated that it could "consider some or all of the seven factors" outlined in *Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 622 (1998).[9] The circuit court discussed the *Chawla* factors and noted that the parties did not object to the attorneys' rates and that "certainly they [were] reasonable with respect to this matter."

---

[8] The circuit court also determined that the Sainanis were unsuccessful with the ruling with respect to the amended declarations. It appears that the circuit court's reference to the "amended declarations" was the subject of the separate declaratory judgment action. *Sainani v. Belmont Glen Homeowners Ass'n*, No. CL00117050-00. As the Sainanis highlight, "[t]here was no such claim for adjudication on the remand of this case."

[9] In calculating a reasonable attorney fee, the circuit court is guided by "seven non-exclusive factors," known as the *Chawla* factors. These factors include the time and effort the attorney expended, the nature of the attorney's services, the complexity of the attorney's services, the value of the attorney's services to the client, the results the attorney obtained, whether the fees incurred were similar with those generally charged for similar services, and whether the attorney's services were necessary and appropriate. *Denton v. Browntown Valley Assocs., Inc.*, 294 Va. 76, 88 (2017).

Following the hearing, the circuit court entered a written order granting the Sainanis attorney fees and costs. Citing Code § 55.1-1828 and the August 2014 Declaration, the circuit court awarded the Sainanis a total of $106,699 in attorney fees and $19,521.98 in costs. Specifically, the circuit court awarded $66,118 in attorney fees and $5,311 in costs for the Marr Law Office's trial work, $33,231 in attorney fees and $208.24 in costs for Knicely Law Firm's work in the Sainanis' appeal to the Supreme Court, and $7,350 in attorney fees and $4,952.74 in costs for Knicely Law Firm's representation at the bifurcated attorney fee trial. Finally, the circuit court awarded $9,050 in expert witness fees.

On December 12, 2022, the circuit court also entered a separate order dismissing Belmont Glen's warrant in debt and bill of particulars that the Sainanis appealed from the GDC. The circuit court ordered Belmont Glen to release the recorded judgment liens against the Sainanis, and ordered Belmont Glen to pay the Sainanis' costs on appeal from the GDC in the amount of $131.23. The circuit court dismissed Counts I and III of the Sainanis' first amended counterclaims, but granted judgment on Count II of the Sainanis' amended counterclaim and awarded $200 in damages. The Sainanis appeal.

## ANALYSIS

### I. Sainanis' Assignments of Error

In all of their assignments of error, the Sainanis challenge the amount of the circuit court's attorney fees award.[10] The Sainanis ask this Court to reverse the circuit court's denial of fees and costs for the Marr Law Office appellate work and the Knicely Law Firm remand work. The

---

[10] Although not raised by the parties, we find the circuit court retained jurisdiction on remand to consider the attorney fee award, as the Supreme Court specifically referenced attorney fees in the remand order. *Sainani*, 297 Va. at 729; *see O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 694 (1996).

- 9 -

Sainanis also ask this Court to consider the increased attorney fees attributable to delays caused by the circuit court's actions.

Prevailing Party

This Court reviews the attorney fee award for an abuse of discretion. *See Lambert v. Sea Oats Condo. Ass'n*, 293 Va. 245, 252 (2017). To the extent awarding attorney fees raises issues of statutory construction, this Court reviews them de novo. *New Age Care, LLC v. Juran*, 71 Va. App. 407, 421 (2020) (citing *Bragg v. Bd. of Supervisors*, 295 Va. 416, 423 (2018)).

In determining the award of attorney fees, the circuit court found that under Code § 55.1-1828(A), the Sainanis were the prevailing party at both the trial and appellate level. The circuit court determined, however, that the Sainanis were not the prevailing party "post-trial" because the Sainanis were not successful in their request for a permanent injunction, although the circuit court noted that it "did give them other relief." The Sainanis argue the circuit court erred in finding that they were not the "prevailing party" following remand from the Supreme Court.

Code § 55.1-1828(A) states that

> Every lot owner, and all those entitled to occupy a lot, shall comply with all lawful provisions of this chapter and all provisions of the declaration. Any lack of such compliance shall be grounds for an action to recover sums due, for damages or injunctive relief, or for any other remedy available at law or in equity, maintainable by the association or by its board of directors or any managing agent on behalf of such association or, in any proper case, by one or more aggrieved lot owners on their own behalf or as a class action.

Code § 55.1-1828(A) further provides that "the prevailing party shall be entitled to recover reasonable attorney fees, costs expended in the matter, and interest on the judgment."

The Sainanis argue that the circuit court erred in determining that they were not the prevailing party when awarding attorney fees for the Knicely Law Firm's post-trial work. "The 'prevailing party' is the 'party in whose favor a judgment is rendered, regardless of the amount

of damages.'" *Lambert*, 293 Va. at 256 n.5 (quoting *West Square, L.L.C. v. Communication Technologies*, 274 Va. 425, 433 (2007)). A "prevailing party" is "the party in whose favor the decision or verdict in the case is or should be rendered and judgment entered, and in determining this question the general result should be considered, and inquiry made as to who has, in the view of the law, succeeded in the action." *Sheets v. Castle*, 263 Va. 407, 414 (2002) (quoting *Richmond v. County of Henrico*, 185 Va. 859, 869 (1947)).

The Sainanis allege that they were the prevailing party, and thus entitled to attorney fees under Code § 55.1-1828(A) for the post-remand work. The Sainanis acknowledge that they did not prevail on Count I of the counterclaim, but they allege that the circuit court erroneously failed to consider the appeal as a whole and that they "substantially prevailed on issues considered on the remand of the case." Specifically, the Sainanis contend that they "vindicated their property rights, upon which their personal religious and cultural interest were grounded, and negated [Belmont Glen's] judgment for the alleged violation," as well as a substantial attorney fee judgment. The Sainanis also allege that they prevailed on appeal on Count II of the breach of contract counterclaim and obtained an injunction against Belmont Glen to release the liens on Sainanis' property. The Sainanis highlight that they recovered their costs on the appeal from the GDC. The Sainanis conclude that the circuit court's error in determining the "prevailing party" issue "to deny most of the Knicely Law Firm's fees and costs, represents an error of law, and an abuse of discretion requiring a remand for a legally proper assessment and adjudication of the Sainanis' request for attorney fees and costs on remand."

The United States Supreme Court has held that when a party brings multiple claims that "involve a common core of facts or will be based on related legal theories," the statutorily-authorized attorney fee should not be reduced simply because the party prevailed on some claims and lost on others. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). One is a

- 11 -

prevailing party when succeeding on "any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit." *Id.* at 433. Moreover, when a party "has obtained excellent results," the Supreme Court found that the attorney should "recover a fully compensatory fee," that generally "encompass[es] all hours reasonably expended on the litigation." *Id.* at 434. Moreover, even if the party failed to prevail on every issue they raised in the litigation, the fee award should not be reduced. *Id.* at 435. The Supreme Court noted however, that if a plaintiff "achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. Nevertheless, "the most critical factor is the degree of success obtained." *Id.* Although the circuit court has "discretion in determining the amount of a fee award," the circuit court should "provide a concise but clear explanation of its reasons for the fee award" and if the basis for the adjustment is based on "the exceptional or limited nature of the relief obtained by the plaintiff, the [circuit] court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437.

Belmont Glen counters that the Virginia Supreme Court has held that in a case involving a claim for attorney fees under Code § 55.1-1828(A) (formerly Code § 55-515), a circuit court did not err in refusing to award the fees to defendants where they prevailed on certain claims but the opposing party prevailed on others. *Raintree of Albemarle Homeowners Ass'n, Inc. v. Jones*, 243 Va. 155, 160-61 (1992). The facts in *Raintree*, however, are distinguishable from the present case. In that case, both parties obtained "a portion of the requested relief" each party sought. *Id.* at 161. Here the circuit court determined that the Sainanis were the prevailing party in the majority of the issues in litigation in this matter, but did not specifically find that Belmont Glen obtained any relief.

The Sainanis sought $27,075 in attorney fees plus costs and expenses of $1,713.41 for post-remand matters including dispositions of counterclaims. The circuit court awarded $7,350 in attorney fees, and $4,952.74 in costs in connection with the bifurcated attorney fee trial. In adjusting the Sainanis' request for attorney fees for the post-remand work, the circuit court concluded that the Sainanis were not the prevailing party "post-trial" because the Sainanis were not successful in their request for a permanent injunction to prevent Belmont Glen from enforcing the seasonal guidelines, "although the [circuit court] did give them other relief." Despite the circuit court's recognition that the Sainanis prevailed on some issues post-remand, the record does not reflect whether the circuit court actually considered the degree of success the Sainanis obtained. *See Hensley*, 462 U.S. at 436. This Court remands this case to the circuit court to "provide a concise but clear explanation of its reasons for the fee award," taking into consideration the ruling in *Hensley*, 461 U.S. at 435.

## II. The Marr Law Office's Appellate Attorney Fees

The Sainanis also challenge the circuit court's order denying an award of appellate attorney fees and costs for the Marr Law Office's work on the appeal to the Supreme Court.[11] During the hearing, the Sainanis offered evidence as to the Marr Law Office's appellate work and its fees. The circuit court denied the Sainanis any attorney fees from the Marr Law Office's appellate work because it found that the Marr Law Office untimely filed the first petition for appeal. The Sainanis' first petition for appeal to the Supreme Court, however, was never adjudicated as "untimely"; rather the Supreme Court dismissed the appeal after finding that the Sainanis were not appealing a final, appealable order. The Sainanis argue that the circuit court erred in denying attorney fees for the

_____

[11] The Sainanis make clear that they are not challenging the award of attorney fees and costs for the Marr Law Office's work in the circuit court.

- 13 -

Marr Law Office's appellate work because its decision relied only on "something that never happened, a case of 'what if,' a fantasy at law."

This Court agrees with the Sainanis. The Supreme Court has identified three principal ways a circuit court abuses its discretion:

> [1] when a relevant factor that should have been given significant weight is not considered; [2] when an irrelevant or improper factor is considered and given significant weight; and [3] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Lambert*, 293 Va. at 252-53 (quoting *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 429 (2012)). "[T]he court may neither shirk its duty to assess what amount of attorney[] fees is reasonable in the specific case before it, nor award an amount so low that it fails to reimburse the prevailing party for the costs necessary to effectively litigate the claim that—after all—*it prevailed on*." *Id.* at 257-58.

The circuit court explicitly found that the Sainanis were the prevailing party on appeal. In awarding no fees for the Marr Law Office's appellate work, the circuit court relied only upon the Marr Law Office's "untimely" filing of the first petition for appeal, a finding not supported by a legal ruling. Although the circuit court found that the Sainanis' first petition for appeal was untimely, the Supreme Court ultimately considered the merits of the Sainanis' appeal once the circuit court entered a final order. Moreover, the Sainanis offered evidence of the Marr Law Office's appellate work, beyond the first petition of appeal, that the circuit court did not consider. On remand, the circuit court should consider the evidence of the Marr Law Office's appellate work in determining the fee award.[12]

---

[12] On appeal, the Sainanis also allege that the circuit court failed to properly analyze the *Chawla* factors in awarding attorney fees. Because this Court vacates the circuit court's award of attorney fees, this Court need not consider this argument. *See Commonwealth v. White*, 293 Va. 411, 419 (2017) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (citation omitted)).

III. Circuit Court's Contributing Role in Increasing the Fees and Costs

The Sainanis allege that the circuit court erred in its award of attorney fees because it failed to recognize its contributing role in increasing such fees and costs. The Sainanis cite three instances in which the circuit court continued the case: once because of the passing of the court's long-time staff member, once because an expert witness potentially tested positive for COVID-19, and once because the judge was not available.

The Sainanis, however, fail to cite any legal authority that mandates the trial court to consider continuances or additional briefings in its calculation of reasonable attorney fees. It is therefore unnecessary for us to consider the merits of the Sainanis' argument because "Rule 5A:20(e) requires an appellant's opening brief to contain the standard of review and the argument, including applicable principles of law and authorities, in support of each of his assignments of error; unsupported assertions of error do not merit appellate consideration." *Winters v. Winters*, 73 Va. App. 581, 597 (2021). "An appellant's failure to strictly adhere to the requirements of Rule 5A:20(e) permits this Court to treat an issue as waived." *Id.* The Sainanis' assignment of error regarding the circuit court's alleged contributing role is waived because they failed to meet Rule 5A:20(e)'s requirements.

IV. Belmont Glen's Assignments of Cross-Error

A. Motion to Vacate

In its assignment of cross-error, Belmont Glen alleges that the circuit court erred in sustaining the Sainanis' motion to vacate the May 11, 2018 and July 19, 2017 final orders. The decision of whether to grant or deny a motion to vacate is a matter within the circuit court's discretion and will not be disturbed on appeal in the absence of an abuse of discretion. *See Cloutier v. Queen*, 35 Va. App. 413, 421 (2001).

Belmont Glen acknowledges that, in its opinion, the Supreme Court held that the seasonal guidelines "exceeded the rules making authority in its governing documents and reversed and annulled the judgment against" the Sainanis. Belmont Glen, however, argues that the Supreme Court's holding "left undisturbed" the circuit court's earlier finding that the August 2014 Declaration was effective. Although the Sainanis challenged the enforceability of the August 2014 Declaration as a whole, the Supreme Court declined to address the argument. *Sainani*, 297 Va. at 729 n.7. Belmont Glen alleges that as a result of the circuit court's error of vacating the earlier orders that found the August 2014 Declaration effective without being mandated to do so from the Supreme Court, it is "now having to relitigate the same issues" with the Sainanis' declaratory judgment action that is pending in the circuit court. *Sainani v. Belmont Glen Homeowners Ass'n*, Case No. CL00117050-00.

In its holding, the Supreme Court stated that the Sainanis were unsuccessful in their counterclaims that sought a permanent injunction against Belmont Glen's enforcement of the seasonal guidelines, as well as damages for the breach of the August 2014 Declaration caused by Belmont Glen's enforcement of those guidelines. *Sainani*, 297 Va. at 729 n.7. Because it held that the seasonal guidelines were unenforceable, the Supreme Court vacated the circuit court's dismissal of the Sainanis' counterclaims and directed the court to reconsider them on remand. *Id.* The Supreme Court also stated that because the seasonal guidelines exceeded the scope of Belmont Glen's authority under the August 2014 Declaration, it was unnecessary to address the Sainanis' challenge to the enforceability of the 2014 Declaration. *Id.* The Supreme Court remanded the matter to the circuit court "for further proceedings consistent with this opinion." *Id.* at 729.

Belmont Glen alleges that the "Supreme Court did not direct or authorize the [circuit] court on remand to revisit or vacate the finding of the effectiveness of the [August] 2014 Declaration."

- 16 -

Belmont Glen contends that the Supreme Court "expressly decided" that the August 2014 Declaration was effective because the Supreme Court cited Belmont Glen's authority under the August 2014 Declaration. Belmont Glen argues that "at worst," the Supreme Court's holding could be understood to have "implicitly decided that the [August] 2014 Declaration governed Belmont Glen and its owners when it issued its opinion." Belmont Glen asserts that "the mandate rule dictates that on remand the [circuit] court is not at liberty to discredit the [Supreme Court's] resolution of that issue or to force the parties to relitigate such issue in the future."

"A trial judge is bound by a decision and mandate from [an appellate court], unless [the court] acted outside [its] jurisdiction." *Rowe v. Rowe*, 33 Va. App. 250, 257 (2000). A trial court has no discretion to disregard a lawful mandate. *Id.* "The mandate rule, itself an application of the law-of-the-case doctrine, forecloses further litigation of 'issues expressly or impliedly decided by the appellate court.'" *Va. Imports, Ltd. v. Kirin Brewery of Am., LLC*, 50 Va. App. 395, 407 (2007) (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)).

In the present case, as the Sainanis emphasize, the Supreme Court decided the appeal on the "narrowest grounds available." Despite the Sainanis' challenge, the Supreme Court expressly chose not to address the enforceability of the August 2014 Declaration based on the doctrine of judicial restraint. *Sainani*, 297 Va. at 729 n.7. This Court finds that in making this statement, the Supreme Court did not, either directly or indirectly, rule on the enforceability of the August 2014 Declaration as a whole. The Supreme Court, however, did find "error in the judgment from which the appeal was filed," and "reversed and annulled" the lower court's judgment. The Supreme Court did not limit the reversal only to the circuit court's holding that the seasonal guidelines were effective. Rather, the Supreme Court expressly ordered the circuit court to reconsider the Sainanis' amended counterclaims, which the circuit court had rejected in its earlier orders. *Id.* As such, this Court finds no error in the circuit court's decision to reconsider the Sainanis' motion to vacate the May 11, 2018

- 17 -

and July 19, 2017 final orders, and thereafter enter an order granting the Sainanis' motion. This Court therefore rejects Belmont Glen's first assignment of cross-error.

### B. Nominal Damages

Belmont Glen argues that the circuit court "erred as a matter of law and fact in granting judgment to the Sainanis on their breach of contract counterclaim (Count II) because the Sainanis failed to meet their burden to prove they were damaged as alleged in their counterclaim." In awarding damages on Count II, the circuit court stated that it did "not need to determine whether the damages are compensatory or nominal in order to make such an award" because the Sainanis "submitted arguments to the [c]ourt under both theories and either will support their damages request." The question of whether the circuit court should have awarded judgment for damages is a mixed question of law and fact, which requires deference to the trial court's factual findings and a review of the trial court's application of law to the facts de novo. *Nielsen Co. (US), LLC v. Cnty. Bd. of Arlington Cnty*, 289 Va. 79, 87 (2015).

Belmont Glen argues that the Sainanis "failed to plead a claim for nominal damages in their counterclaim and are, therefore, precluded from recovery on such theory." This Court disagrees. "Nominal damages are 'appropriate when there is a legal right to be vindicated against an invasion that has produced no actual, present loss of any kind or where, from the nature of the case, some injury has been done but the proof fails to show the amount.'" *Kerns v. Wells Fargo Bank, N.A.*, 296 Va. 146, 159-60 (2018) (quoting *Town & Country Props., Inc. v. Riggins*, 249 Va. 387, 399 (1995)). This Court finds that the Sainanis adequately pled a claim for nominal damages. At the beginning of the hearing following remand, the Sainanis made an oral motion to amend the request for damages in their amended counterclaim. The Sainanis moved to reduce their claim for damages from $5,000 to $200. Belmont Glen did not object, and the circuit court granted the Sainanis' motion. The Sainanis also requested $200 in nominal

- 18 -

damages in their motion for partial summary judgment on Count II of their amended counterclaim. The circuit court found that the nature of the relief the Sainanis sought, as well as the fact the Sainanis reduced their request for damages to $200, an award of nominal damages was appropriate. After granting summary judgment on the Sainanis' Count II claim, the circuit court properly awarded the Sainanis $200 in nominal damages.

Moreover, Belmont Glen alleges that "even when nominal damages are appropriate because damages are difficult to quantify, the party with the burden is still obligate[d] to prove that they suffered an actual injury or damages from the breach." Belmont claims that the Sainanis "introduced no evidence of any actual injury resulting from Belmont Glen's breach of contract and cannot, therefore, be granted judgment for damage, either nominal or compensatory, on their claim." This Court rejects Belmont Glen's argument. The Supreme Court of the United States recently held that "the prevailing rule, 'well established' at common law, was 'that a party whose rights are invaded can always recover nominal damages without furnishing any evidence of actual damage.'" *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800 (2021) (quoting *Webb v. Portland Mfg. Co.*, 29 F.Cas. 506, 508-09 (No. 17,322) (CC Me. 1838)). As noted above, because this Court affirms the circuit court's finding that the Sainanis were entitled to nominal damages, it was unnecessary for the Sainanis to prove any actual damage.[13] *Id.* Because Belmont Glen's assessment of fines and suspension of the Sainanis' voting privileges and use of common areas and facilities were based upon seasonal guidelines it did not have the authority to promulgate, the record supports the circuit court's award of nominal damages.

---

[13] In any event, the circuit court determined that the Sainanis did suffer actual damages because they paid $225 for pool privileges that they were banned from using.

Finally, Belmont Glen contends that the circuit court "erroneously disregarded the plain language of the August 2014 Declaration, which bars any claim for damages related to the payment of assessments even when Belmont Glen breaches the contract." "The interpretation of a contract is a question of law that this [C]ourt reviews de novo." *Bolton v. McKinney*, 299 Va. 550, 554 (2021). The fundamental question before this Court is "what did the parties agree to as evidenced by their contract, and the guiding light for such construction is the intention of the parties as expressed by them in the words they have used." *RECP IV WG Land Investors LLC v. Capital One Bank (USA), N.A.*, 295 Va. 268, 283 (2018) (citation and internal quotation marks omitted). When a contract is clear and unambiguous, the "[w]ords that the parties used [in a contract] are normally given their usual, ordinary, and popular meaning." *Id.*

Section 11 of the August 2014 Declaration provided that "no owner may waive or otherwise escape liability for the assessments provided for herein by non-use of the Common Area or Common Facilities, abandonment of its Lot, or the failure of the Association or the Board to perform their duties." Belmont Glen contends that the August 2014 Declaration "makes clear that the Sainanis must pay assessments regardless of whether Belmont Glen properly performed its duties" and that the payment of assessments is precluded under the contract as evidence of damages. The Sainanis correctly respond that "Section 11 is inapplicable here because the predicate of a default in payment has not been met," as they were "not in default in payment of their assessments." The assessments and penalties that Belmont Glen imposed upon the Sainanis were based on the alleged breach of the seasonal guidelines. The Supreme Court determined that the seasonal guidelines "exceed[ed] the scope of the restrictive covenants" in a manner "not reasonably related to any of them." *Sainani*, 297 Va. at 728. As the assessments were based upon violations of the seasonal guidelines the Supreme

Court rejected, the Sainanis could not be in default for failing to pay such assessments. This Court therefore rejects Belmont Glen's argument and affirms the circuit court's award of nominal damages on Count II of the amended counterclaim.

CONCLUSION

For the foregoing reasons, the circuit court's order is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded*.